GEORGE W. KEITH *vs.* INHABITANTS OF EASTON.

A large vehicle used as a daguerrean saloon, standing partly within the limits of a high-way, but outside of and several feet from the travelled path, is not a defect in the high-way, which will entitle a traveller to recover against a town damages for the injuries sustained by him, if his horse, while driven by himself, is frightened thereby, and becomes unmanageable, and runs for some distance, and upon an embankment, so that the carriage is broken, and himself thrown upon the ground and injured.

TORT for damages sustained by reason of a defective highway.

At the trial in the superior court, it appeared that the defect complained of was a large vehicle used as a daguerrean saloon, standing partly within the limits, and within about six feet of the travelled part, of the highway, and having upon its roof pieces of canvas, loose at the end, which fluttered in the wind. The plaintiff's horse, while driven by him and passing near the saloon, took fright from it and became unmanageable, and after running for some distance, went upon an embankment, and the

plaintiff was thrown upon the ground and injured, and his carriage was broken. *Rockwell,* J. instructed the jury that if they were satisfied that the horse was frightened by the saloon, and became unmanageable, and so continued while running until the plaintiff was thrown out and injured, and that he ran in consequence of that fright alone, until the injury happened, the town was liable, if during the whole transaction the plaintiff was in no fault, and in the exercise of due care. The jury returned a verdict for the plaintiff, with $2100 damages, and the defendants alleged exceptions.

*E. Ames & H. J. Fuller,* for the defendants, cited *Davis* v. *Bangor,* 42 Maine, 522; *Hixon* v. *Lowell,* 13 Gray, 59; *Vinal* v. *Dorchester,* 7 Gray, 421; *Smith* v. *Wendell,* 7 Cush. 498.

*E. H. Bennett,* (*J. E. Carpenter* with him,) for the plaintiff. Any object within the limits of the highway, although without the travelled path, which, from its nature, character and proximity to the travelled path, hinders, incommodes or endangers persons travelling thereon, whether by collision or frightening their horses, is an obstruction within the meaning of the law. *Bigelow* v. *Weston,* 3 Pick. 267. *Howard* v. *North Bridgewater,* 16 Pick. 189. *Snow* v. *Adams,* 1 Cush. 443. *Coggswell* v. *Lexington,* 4 Cush. 307. *Hyde* v. *Middlesex,* 2 Gray, 267. *Hayden* v. *Attleborough,* 7 Gray, 338.

CHAPMAN, J. This case presents a new question of great importance. In the cases thus far reported, the defects in highways for which towns have been held liable are all included in a few classes. These are, want of railings; obstructions to the travelled path by stones or rocks, wood or timber, posts, snow or ice; holes or excavations in the path; and defective bridges or causeways, that would not support the traveller. And in *Drake* v. *Lowell,* 13 Met. 292, an awning of wood and timber, supported by posts standing in the highway, which had been broken by a heavy body of snow and ice lying upon it, and which extended across the sidewalk a few feet above the heads of travellers, and fell upon the plaintiff and crushed him down upon the walk, was held to be a defect in the highway. But in *Hixon* v *Lowell,* 13 Gray, 59, this case is said to have reached the limit

of the liability of towns for defective ways; and in the latter case the town was held not to be liable for an injury caused to a traveller by the falling of an overhanging mass of ice from the roof of a building, although it overhung the highway for more than twenty-four hours, and for the space of eighteen inches or two feet. So rocks and stones within the limits of the highway, but not obstructing the travelled path, are not defects for which a town is liable. *Howard* v. *North Bridgewater*, 16 Pick. 189. *Smith* v. *Wendell*, 7 Cush. 498. So where a locomotive engine injured a traveller by crossing the highway on a railroad illegally existing there. *Vinal* v. *Dorchester*, 7 Gray, 421.

In no case has it been held that an object existing within the limits of a highway, but leaving the travelled path unobstructed, so that the traveller is safe from all collision with it, is a defect in the way, merely because it exposes the traveller's horse to become frightened by the sight of it, either at rest or in motion, or by sounds or smells that may issue from it. In this case the plaintiff contends that a daguerreotype saloon standing partly within the limits of the highway, but without the limits of the travelled path, and several feet distant from it, was a defect, because it was so situated that the plaintiff's horse became frightened either by seeing it at rest, or by seeing the fluttering motions caused by the wind, as it blew upon some pieces of loose canvas upon the covering. There was no collision with it, and no danger of collision.

In *Hixon* v. *Lowell, ubi supra,* it is stated, as a general proposition, that " a town, if it has done its duty in making the way safe and convenient in all the proper attributes of a way, is not obliged to insure the safety of those who use it." It becomes necessary in this case to draw the line between what are and what are not the proper attributes of a way; so that it may be seen whether a cause of fright, such as existed in this case, is a defect in one of these attributes. The distinction is of very great practical importance; for it is to be considered that surveyors have power and are bound to remove without delay all defects in highways; and towns are liable, though the defects have not existed twenty-four hours, if the proper officers happen

to be present and have knowledge of their existence. The doctrine contended for by the plaintiff would make their powers and duties very extensive; much more so than is generally supposed.

In *Hixon* v. *Lowell,* instances are stated of things that might obstruct a traveller, but which would not be defects in any of the attributes of a way. They are quite pertinent to this case. The court decide that freedom from ice and snow on roofs overhead is not one of those attributes, and therefore that the town is not bound to remove the ice or snow from the roof. By way of illustration, the court state several other things which, though they may obstruct a traveller, are outside the limit of the proper attributes of a way. "He might be annoyed by the action of the elements; by a hail storm, by a drenching rain, by piercing sleet, by a cutting and icy wind, against which, however long continued, a town would be under no obligation to furnish him protection. He might be obstructed by a concourse of people, by a crowd of carriages; his horses might be frightened by the discharge of guns, the explosion of fireworks, by military music, by the presence of wild animals; his health might be endangered by pestilential vapors, or by the contagion of disease; and these sources of discomfort and danger might be found within the limits of the highway, and continue for more than twenty-four hours, and yet that highway not be, in any legal sense, defective or out of repair. It is obvious that there may be nuisances upon travelled ways, for which there is no remedy against the town which is bound by law to construct and maintain the way. If the owner of a distillery, for example, or of a manufactory adjoining the street of a city, should discharge continuously from a pipe or orifice opening toward the street, a quantity of steam or hot water, to the nuisance and injury of passers-by, they must certainly seek redress in some other mode than by an action for a defective way. If the walls of a house adjoining a street in a city were erected in so insecure a manner as to be liable to fall upon persons passing by, or if the eaves-trough or water-conductor was so arranged as to throw a stream from the roof upon the sidewalk, there being in either case no structure erected

within or above the travelled way, it would not constitute a defect in the way."

The discussion of the present case suggested many other illustrations. Cattle or horses, running at large, might frighten the traveller's horse; the sight of flags displayed, or a window curtain fluttering in the wind over the street through a raised window; the goods displayed in front of shops; the numberless operations of business and amusement constantly carried on in our cities and villages within the limits of the highway; the gatherings at agricultural fairs, military trainings, and other public occasions, may any or all of them tend to frighten many passing horses; yet it would be a novel doctrine to hold that highway surveyors may interfere in such cases under their authority to repair highways, or that the attributes of a way include them because they may frighten horses.

And we think that the daguerreotype saloon described in the report, though it may have been a nuisance for which the proprietor might be liable to an action or indictment, yet since it did not obstruct the travelled path in any other way than by the fact that it was in sight of the plaintiff's horse, did not constitute a defect, as to any of the proper attributes of a way.

*Exceptions sustained.*