A. N. FRIES v. BETTENDORF AXLE COMPANY, Appellant.

**Master and servant:** NEGLIGENCE: INSTRUCTION. In an action for
injuries to an employe working at a machine as helper, a charge
that if the employer failed to use ordinary care in keeping the
machine in repair, but ·at the time of the accident it was in a defective condition and the defect was known or on the exercise of
ordinary care would have been known to the employer, then on
so finding the employer was guilty of negligence, and unless they
so found the verdict must be for the defendant, was not erroneous
as assuming that the machine was in a defective condition.

*Appeal from Scott District Court.*— HON. JAMES W. BOL-
LINGER, Judge.

THURSDAY, DECEMBER 15, 1904.

SUIT to recover damages for personal injuries received
while in the employ of the defendant. Trial to a jury, and
a verdict and judgment for the plaintiff. The defendant
appeals.— *Affirmed.*

*Cook & Dodge,* for appellant.

*W. M. Chamberlain,* for appellee.

SHERWIN, J.— The plaintiff was working as a helper
at a tire-bending machine which had two main rollers, between which the tires were passed, and a smaller roller situated about an inch therefrom, known as the "silent roller."
The machine was stopped by the operator, and while he was
temporarily absent therefrom, the plaintiff, in attempting
to oil the silent roller, had his hand caught and crushed by
the main rollers. The machine was run by a belt, and was
started and stopped by the use of a lever and clutch which
threw it into and out of gear. The plaintiff alleged in his

petition, and testified upon the trial, that at the time he was injured the machine started of its own accord, and that he did not know that the rollers were revolving until his hand was caught. There was also evidence tending to show that the clutch had become so worn that the machine would frequently start of its own accord, and that the defendant knew of this condition long before the accident, and had partly, and only partly, remedied the defect, the latest attempt to do so having been on the day of the accident or the day before. The court instructed: "If you believe from all the evidence that the defendant did not use ordinary care in the premises, but at the time of the accident the tire bender was in a defective condition — that is, dangerous to those working at or near it, because it would sometimes start and revolve its rollers of its own accord without being thrown into gear by any one — and that said tendency to start of or by itself was known to the defendant, or in the exercise of ordinary care would have been known to it, then, and upon your so finding, the defendant is guilty of negligence. Unless you so find, you need inquire no further, for your verdict must then be for the defendant." The appellant says this instruction assumes that the tire bender was in a defective condition because it would sometimes start and revolve its rollers without being thrown into gear, and is therefore erroneous, because one of its witnesses testified that such starting was not an indication of a defect in the machine. We think the instruction correct. It left the question of defect to the jury, and said, if it found the machine defective on account of the matter complained of, it might charge the defendant with negligence. There was evidence tending to show that this condition was a defect, and in fact the common sense and knowledge of the jurors would almost warrant a finding that it was, and the jury was not bound to treat the defendant's evidence on this point as conclusive. A defect is a fault: "A want or lack of anything; especially, a lack of something which is essential to perfection

or completeness." Century Dictionary; *Bliven v. City of Sioux City,* 85 Iowa, 346. A machine constructed to be thrown into and out of gear by a lever, and clutch, which cannot be controlled thereby, but starts of its own accord, may well be found to be " defective," within the meaning of the word, notwithstanding the opinion of witnesses to the contrary.

There was sufficient evidence of the defendant's negligence and of the plaintiff's freedom from contributory negligence to take the case to the jury, and the judgment must be, and it is *affirmed.*