DANIEL B. WILLIAMS, PLAINTIFF IN ERROR, v. ISAIAH D. EVANS, DEFENDANT IN ERROR.

1. **Pleading:** REPLY. A reply must be made to all the material allegations of new matter contained in an answer, or they will be taken as true.

2. ——: ——. EVIDENCE. When new matter set up in an answer is denied by the reply, the burden of proof is on the party alleging the same as a defense.

3. **Chattel Mortgage:** A mortgage of goods and chattels with possession and *power of sale* in the mortgagor, is void against the creditors of such mortgagor.

4. ——: If the instrument on its face is one the law will not sanction as against creditors, it is the duty of the court to pronounce it fraudulent as to them.

5. ———:  WHEN FRAUDULENT INTENT A QUESTION FOR THE JURY.
Where an instrument is not void upon its face the question of
fraudulent intent is a question of fact which should be submitted
to the jury.

ERROR from the district court of Kearney county.
Tried before GASLIN, J.   The facts are sufficiently stated
in the opinion.

*Hamer & Conner*, for plaintiff in error.

No brief on file.

MAXWELL, J.

This is an action of replevin.   The defendant in his
answer denies the special ownership of the property in
question in the plaintiff, or that he is entitled to the
possession thereof, or that the defendant wrongfully re-
tains possession of the same.   The defendant further
alleges that the plaintiff claims title under a chattel
mortgage made by one Brown on the fourth day of
August, 1873, and that said mortgage is void.   The
defendant further alleges that on the first day of Sep-
tember, 1873, proceedings in bankruptcy were com-
menced against said Brown in the United States district
court, and that the court thereupon issued a warrant di-
rected to the United States marshal as messenger, re-
quiring him to take possession of all the estate, real and
personal, of said Brown, and that on the second day of
September, 1873, said marshal did take possession of said
estate of said Brown, and on the tenth day of September,
1873, the defendant was duly appointed assignee of
Brown's estate, and as such took possession of said goods
and chattels, and held the same as such assignee.   The
plaintiff in his reply admits that the defendant is the
assignee of the estate of D. J. Brown, but denies spe-
cifically that Brown was adjudged a bankrupt on the

second day óf September, 1873, or that the United States district court issued a warrant in bankruptcy to the marshal as messenger, and alleged that the mortgage of August 4, 1873, executed and delivered by Brown to the plaintiff, was executed and delivered in lieu of one executed on the sixteenth day of June, 1873, by said Brown to the plaintiff. By a written stipulation of the parties it was agreed that the allegations of the plaintiff's reply " as to the execution of the notes and mortgage are true." The defendant moved for judgment on the pleadings and on the written stipulation above referred to, which motion was sustained by the court, and judgment rendered in favor of the defendant, to reverse which the cause is brought into this court by petition in error.

Section one hundred and thirty-four of the code of civil procedure provides that: "Every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purposes of the action, be taken as true, but the allegation of new matter in the answer, or of new matter in the reply shall be deemed to be controverted by the adverse party as upon a direct denial or avoidance. Allegations of value or of amount of damage, shall not be considered as true by failure to controvert them."

This court in construing this section in *Dillon v. Russell and Holmes,* 5 Neb., 488, say: " Under the rules of pleading, as they stood prior to the code amendments of February 26, 1873, no reply was necessary to an answer, except to allegations constituting a counter claim or set-off. *McCann v. McLennan,* 2 Neb., 286. By these amendments, however, a reply must be made to all the material allegations of new matter contained in the answer, or they will be taken as admitted."

The answer of the defendant denies the plaintiff's interest in the property, alleges that proceedings in bank-

ruptcy were had against Brown, and that the defendant holds the property as assignee, and also sets up the mort-. gage of August 4, 1873. The plaintiff denies in his reply that proceedings in bankruptcy have been commenced against Brown, and by stipulation it is admitted that the allegations of the reply as to the chattel mortgage are true. This being admitted, and there being no proof that proceedings in bankruptcy had been commenced against Brown, and that the property is held by the assignee under such proceedings, the defendant, so far as appears from the issue, has no interest whatever in the property in question.

Where new matter set up in the answer is denied by the reply, the burden of proof is on the party alleging the same as a defense.

But it is claimed that the chattel mortgage is void upon its face. In *Tallon v. Ellison*, 3 Neb., 75, this court held that a mortgage of goods and chattels, with possession and *power of sale* in the mortgagor, was void as against his creditors. Such a mortgage is void upon its face; but this mortgage contains no power of sale. It provides that the mortgagor may retain the use; but this cannot be tortured into a power of sale. The rule in such case is, that if the instrument on its face is one the law will not sanction as against creditors it is the duty of the court to pronounce it fraudulent as to them, but the court cannot look at matter *dehors*, the record for that purpose. *Monteith v. Bax*, 4 Neb., 171.

In cases where an instrument not fraudulent on its face is claimed to be fraudulent as to creditors, the question of fraudulent intent is a question of fact which must be submitted to the jury.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.