# CASES AT LAW AND IN CHANCERY

DETERMINED IN THE

# SUPREME COURT OF THE STATE OF COLORADO.

## DECEMBER TERM, 1887.

### KANSAS PAC. R'Y CO. V. SEARLE.

In an action against a railroad company for the loss of goods shipped over its road plaintiff alleged the undertaking on the part of defendant to carry the goods safely, the negligence on the part of the company, and the consequent loss of the goods. Defendant made a specific denial of each allegation of the complainant. *Held*, that evidence that the road was not in the control of the defendant, but was in the hands of a receiver, was admissible.

*Appeal from District Court of Arapahoe County.*

Messrs. TELLER and ORAHOOD, for appellant.

Messrs. BROWNE and PUTNAM, for appellee.

STALLCUP, C. The appellee was plaintiff below. His complaint was filed July 1, 1882, and was as follows: "The plaintiff complains and alleges: (1) That at the

times hereinafter mentioned the defendant was, and is now, a corporation, and as such was a common carrier of goods for hire between Kansas City, in the state of Missouri, and Denver city, in the state of Colorado. (2) That on, to wit, the 1st day of September, A. D. 1879, at Kansas City aforesaid, he caused to be delivered to defendant, in consideration of the sum, to wit, of $50, then paid to defendant by the plaintiff, which the defendant agreed to carry safely to Denver and there deliver, to the order of the plaintiff, certain goods, the property of the plaintiff, of the value of $480, consisting of one parlor set of furniture, two easy chairs, six small chairs, one center-table, one sofa, two black walnut bedsteads, one extension table, two bed-springs, one writing-desk, two cane-seat rocking-chairs, one white hair-mattress, one box and contents, and one other box and contents,—said two boxes filled with numerous articles of table linen, bed-clothes and small articles of household goods too numerous to mention,—which the plaintiff then and there delivered to the defendant, which defendant received upon the agreement and for the purposes before mentioned. (3) That the defendant did not safely carry and deliver the said goods pursuant to said agreement, but, on the contrary, defendant so negligently conducted and so misbehaved in regard to the same in its calling as carrier that said goods were not delivered to plaintiff at Denver aforesaid, although the plaintiff made frequent demands for the same, to wit, at the county and city of Denver aforesaid, and the said goods were wholly lost to plaintiff, to his damage in the sum of $480. Whereupon plaintiff demands judgment for $480 and the costs of this action against the defendant."

The railway company filed its answer, in which it specifically denied the allegations of the complaint. Upon the trial evidence was adduced by the appellee tending to show that the goods, consisting of household furniture

of the value of about $480, were shipped by him from Milwaukee, in the state of Wisconsin, in a chartered car, to Denver; and that such car and goods were carried from Kansas City to Denver over the railway of appellant, and were destroyed or lost while at Denver, in the charge of those who were then operating said railway. Upon the defense, the appellant offered to prove that, at the time of the alleged grievance, the Kansas Pacific Railway, being the railway of the appellant, was in the hands of S. T. Smith, as receiver, under an order of the United States circuit court, and that the railway was operated by him, as such receiver, at that time; that the said Kansas Pacific Railway Company was not at that time engaged as a common carrier between Kansas City and Denver, or any other place; and that the persons who had the custody of the goods of the plaintiff were the agents and employees of the said receiver, and not of the said railway company. The appellee objected to the introduction of this evidence, and the court sustained the objection. The jury returned a verdict for the plaintiff for the amount claimed. Motion for a new trial was made by appellant for the rejection of this evidence and other reasons. The motion was denied and judgment entered upon the verdict; from which appellant appealed, and assigns these rulings as error for the reversal of the judgment. In view of the evidence offered, the liability for the loss of the goods was against the receiver operating the railway, in his official capacity. The court erred in excluding the evidence offered by the appellant, and in denying the motion for a new trial; as the evidence offered was such as to show that there was no undertaking in the premises upon the part of the appellant, nor negligence of any kind by it or its agents; that such undertaking and negligence, if any, in the premises were by the receiver then operating the railway. *Railway Co. v. Davis*, 23 Ind. 553; *Meares v. Holbrook*, 20 Ohio St.

137; *Klein v. Jewett*, 26 N. J. Eq. 474; *Kennedy v. Railway Co.* 3 Fed. Rep. 97. The pleadings were sufficient for such proof. *Railway Co. v. Davis, supra.*

The judgment should be reversed and the case remanded.

We concur: DE FRANCE, C.; RISING, C.

PER CURIAM. For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*