Olsen v. Webb.

---

### FRANK O. OLSEN v. ADA WEBB.

FILED JUNE 6, 1894.    No. 4965.

**Landlord and Tenant:** INJURIES TO PROPERTY: BURDEN OF PROOF. A land-owner sued his tenant for damages for injuries inflicted by her on his property during her occupancy thereof. The tenant answered that whatever injury she had done to the property was by the direction and permission of the land-owner. To this he replied by a general denial. The court instructed the jury: "The burden of proof is upon the plaintiff to make out his case. He must satisfy you by a preponderance of the evidence that the things complained of were done by the defendant without authority from him and the amount of damage done." *Held,* Error; that the defense was an affirmative one, and the burden of proof was upon the defendant to prove it. *Williams v. Evans,* 6 Neb., 216, followed.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*C. P. Halligan,* for plaintiff in error.

*W. C. Van Gilder, contra.*

RAGAN, C.

Frank O. Olsen sued Ada Webb in the district court of Douglas county for damages, alleging that Miss Webb, while his tenant, cut, sawed, broke, and otherwise injured the building leased to her. To this petition Miss Webb filed an answer consisting of a general denial and an affirmative defense, that if there was any cutting, sawing, or any other injury done to the premises it was done at the dictation and express orders of Olsen. To this answer Olsen filed a reply consisting of a general denial. Miss Webb had a verdict and judgment, and Olsen brings the case here on error.

On the trial of the case the district court instructed the jury as follows: "The court instructs the jury that the burden of proof is upon the plaintiff to make out his case. He must satisfy you by a preponderance of the evidence that the things complained of were done by the defendant without authority from him, and the amount of damages done." The giving of this instruction is the only error assigned. The burden of proof was upon Olsen to show that Miss Webb had damaged his property, and the amount of such damage, but the burden was not upon him to show that the damage done by her to his property was without his authority. Miss Webb, by her answer, in effect pleaded that the damage done to Olsen's property by her was caused by his authority and direction. This was a good defense, if proved. It was an affirmative defense, and the burden was upon her to show it. (*Williams v. Evans,* 6 Neb., 216.) The instruction was erroneous and the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.