# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1906.

---

### CITY OF McCOOK v. JAMES McADAMS.*

FILED FEBRUARY 22, 1906. No. 14,135.

1. **Municipal Corporations: SURFACE WATER: INJURY TO GOODS: EVIDENCE.** Evidence examined, and *held* sufficient to sustain a finding against the defendant on the question whether the loss in question was occasioned by the act of God.

2. Evidence which tends to negative that offered by the defendant to establish an affirmative defense is not open to the objection that it is not proper rebuttal, although it may also tend to prove some issue which the plaintiff was required to establish in making his case.

3. Evidence examined, and *held* insufficient to warrant the submission of the question of contributory negligence to the jury.

4. An instruction covering defendant's theory that the loss was occasioned by the act of God examined, and *held* as favorable to the defendant as the law would warrant.

5. Instruction as to the burden of proof examined, and *held* not erroneous.

6. **Damages.** In an action for damage to merchandise, the original cost of the goods is not a proper basis for the computation of damages. In such case, the measure of damages is the difference between the value of the goods immediately before and immediately after the injury.

7. ———: EVIDENCE. In order to establish the amount of such dam-

*Rehearing allowed. See opinions, pp. 7, 11, *post.*

ages, it is not permissible for a witness to testify to his conclusion as to the amount of damages; he should state the facts within his knowledge, and from those and other facts in evidence it is for the jury to determine the amount of damages sustained.

ERROR to the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed.*

F. I. Foss, J. R. McCarl, J. S. Le Hew, Boyle & Eldred and R. D. Brown, for plaintiff in error.

W. S. Morlan, contra.

ALBERT, C.

This is an action for damages caused by surface water flooding the basement of the plaintiff's storeroom as a result, it is alleged, of the defendant's negligent omission to maintain in proper condition a system of drains, ditches and culverts, which it had constructed for the purpose of conducting the surface water through the city. This cause was reviewed by this court on a former occasion. The opinion by Mr. Commissioner OLDHAM, reported in 71 Neb. 789, contains a clear and concise statement of the issues and facts in the case. A second trial in the district court resulted in a verdict for the plaintiff. The defendant brings error.

The first contention of the defendant is that the verdict is not sustained by sufficient evidence. This contention is based, in part, on the proposition that the storm which occasioned the injury complained of was of such unusual severity that the defendant's failure to guard against it cannot be imputed to it for negligence, in other words, that the plaintiff's loss is to be attributed to the act of God, and not to the negligence of the defendant. The evidence shows that on the 17th day of June, 1901, the city of McCook was visited by a severe storm of wind, rain and hail. It lasted about 36 minutes, and, during that time, more than $2\frac{1}{2}$ inches of water fell. But there is evidence

tending to show that storms of that character, and of almost, if not quite, equal severity, are not unusual in that part of the state, and sufficient to warrant a finding that in the construction and maintenance of a system of drainage in the defendant city ordinary care and prudence would require the defendant to take into account the fact that such storms were likely to occur, and to provide against them. In this connection, the defendant complains because a portion of the evidence, tending to establish plaintiff's charge of negligence, was introduced in rebuttal. But it must be kept in mind that one theory of the defense was that plaintiff's loss was occasioned by the act of God. To establish this defense, the defendant undertook to show that the rainfall during the storm was so unusual in quantity that, even had the drainage system been maintained in a reasonable state of efficiency, it would not have prevented the damage to the plaintiff. This was pleaded as an affirmative defense, and one which the defendant undertook to establish by a preponderance of the evidence. Consequently, it was certainly competent for the plaintiff, on rebuttal, to negative that defense, although the evidence offered for that purpose might also tend to prove some issue which the plaintiff was required to establish in making his case. Such seems to be the situation in this case, and, taking into account the nature of the issues and the evidence, and the fact that the defendant made no effort to meet such evidence by further evidence on its part, the complaint now made that it had no opportunity to disprove the facts shown on rebuttal is unfounded.

Two of the instructions given by the court are as follows:

"(4) One defense interposed in this case is that the loss complained of by the plaintiff was occasioned by an act of God. The jury are instructed that by the term "act of God" is meant those events and accidents which proceed from natural causes, and cannot be anticipated and guarded against or resisted, such as unprecedented

storms or freshets, lightning, earthquake, and so forth. For loss occasioned by an act of God a city is not liable, provided its own negligence has not contributed to the damages sustained. On this defense, however, the city assumes the burden of proof to the extent that it must prove by a preponderance of evidence that the storm was of such a violent and unprecedented nature that no ordinary and reasonable amount of care would have prevented the damage. Therefore, if the plaintiff has established by a preponderance of the evidence that the defendant was guilty of negligence, then the burden of proof is upon the defendant city to prove by a preponderance of the evidence that the storm was of sufficient violence to have caused the damage sustained by plaintiff without the concurrence of such negligence; for if the negligence of the city contributed to plaintiff's damage the city is liable.

"(5) The question for you to determine in this case is simply this: Did the allowing of the drains, ditches, culverts and embankments to become and remain in the condition in which they were at the time of the storm cause or contribute to the plaintiff's damages? If it did not, and the rain-storm was of such violence that the plaintiff would have been damaged to the same extent, even with such drainage in the condition it was in when established and constructed, then your verdict must be for the defendant."

The defendant complains of these instructions, and construes them to mean that, although the plaintiff's negligence proximately contributed to the injury, the defendant would still be liable. We do not think they admit of that construction, in view of the evidence and the theory upon which the case was submitted by the court. The contributory negligence charged is that the plaintiff's store building was situated in a place where large quantities of surface water would naturally accumulate; that it was constructed without proper barriers to guard against surface water, and that the loss complained of was due to such omission, and plaintiff's own negligence. The

only evidence we find that tends, even remotely, to sustain
this charge is that the water at the time of the storm
broke down the area wall in front of the store building,
flooded the basement, and damaged plaintiff's goods, and
the testimony of one witness, who appears to have known
nothing of the character of the wall or its condition, who,
as an expert, testified as to the character of a wall re-
quired under circumstances not shown to be similar to
those in which the wall in question was constructed and
maintained.   Assuming that contributory negligence is
charged, the evidence is wholly insufficient to warrant the
submission of that issue to the jury.   The trial court
evidently held that view, because the question of contribu-
tory negligence was not submitted, nor do we find, among
the numerous instructions tendered by the defendant, any
request for the submission of that question.   The instruc-
tions in question, then, are to be construed in the light of
the fact that the element of contributory negligence is
eliminated from the case, and, with that fact in mind, it
is plain that in these the court was dealing only with the
defendant's theory that the loss was occasioned by the act
of God.   Taken together, and in connection with other in-
structions defining negligence and the defendant's duty
in the premises, the effect of these two instructions was
to convey to the jury that, if plaintiff's loss was oc-
casioned by the act of God, the defendant was not liable,
unless its negligence, cooperating with the act of God,
contributed to the injury and increased the damages.
Thus construed, the instructions state the law as favorably
to the defendant as the authorities will warrant.   *Collier
v. Valentine,* 11 Mo. 299, 49 Am. Dec. 81; *New Brunswick
S. & C. T. Co. v. Tiers,* 24 N. J. Law, 697, 64 Am. Dec. 404;
*Baltimore & O. R. Co. v. Sulphur Springs Independent
School District,* 96 Pa. St. 65, 42 Am. Rep. 529.

The defendant complains of another instruction, on the
ground that it states that, on certain questions, the burden
of proof shifted to the defendant.   Ordinarily, it cannot be
said with technical accuracy that the burden of proof

shifts in a case of this nature. But, in the instruction under consideration, the court first instructed the jury that the burden of proof was upon the plaintiff to establish the material allegations of his petition. Then comes that portion of the paragraph of which the defendant complains: "This burden, however, does not remain with the plaintiff upon a question of affirmative defense, and the point at which the burden shifts to the defendant will be later pointed out in these instructions." It is clear that the court did not instruct, and the jury could not have understood, that the burden of proof as to any issue tendered by the petition shifted, but merely that the burden of proof rested upon the defendant to establish its affirmative defense. That the instruction, as thus construed, is a correct statement of the law will be conceded.

But we think the judgment must be reversed, because of the erroneous admission of evidence on the question of damages. In order to establish the amount of damages sustained, the plaintiff and another witness, after having testified that they had made an estimate of the damages to the goods, were asked substantially this question: "What was the amount of damage (to the goods)?" The plaintiff answered, "$534"; the other witness, "Over $500." The evidence shows that these estimates were based, in part, at least, on the original cost of the goods as shown by the cost mark. It is quite clear that the original cost of the goods is not a proper basis for the computation of damages, because it not infrequently happens that goods on the shelves of a merchant are actually worth but a fractional part of their original cost. The measure of damages in cases resulting from injury to property is the difference between the value of the property immediately before and immediately after the injury. *Chicago, B. & Q. R. Co. v. Metcalf,* 44 Neb. 848. Besides, it is not permissible for a witness to state the amount of damages sustained. He should state the facts within his knowledge, and from those facts and the other evidence adduced, it is for the jury to determine the amount of damages. *Fre-*

*mont, E. & M. V. R. Co. v. Marley,* 25 Neb. 138; *Jameson v. Kent,* 42 Neb. 412. The competency of the evidence offered by the plaintiff on the question of damages was challenged by timely and proper objections, and, as the verdict as to the amount of damages rests entirely upon evidence of that character, its admission necessarily constitutes prejudicial error.

Other errors are assigned, but as they are not such as are likely to occur in another trial, it would be profitless to consider them at this time.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

The following opinion on rehearing was filed February 8, 1907. *Former judgment of reversal adhered to:*

**Cities:** ACTION FOR DAMAGES: INSTRUCTION. In an action against a city for damages alleged to have been caused by the negligent omission of the city to maintain in proper condition a system of drainage constructed by it, where one of the defenses relied upon is that the loss was occasioned by the act of God, it is error to instruct the jury that the burden is upon the defendant to establish such defense.

ALBERT, C.

The plaintiff in error recovered a judgment for damages to a stock of goods, which, it is alleged, resulted from the negligent omission of the defendant city to maintain in proper condition a system of drainage which it had constructed for the purpose of carrying off surface water. The city brought error.

Among other errors assigned was one to the affect that the reception of certain evidence adduced by the plaintiff on the question of damages was incompetent. The evidence was pointed out and its competency challenged in the brief filed on behalf of the city. In the brief subsequently filed by the plaintiff, no attempt was made to show that the evidence was competent, to justify its reception, or to show that its reception, if error, was error without prejudice. The judgment was reversed on the ground that the evidence in question was incompetent. *City of McCook v. McAdams, ante,* p. 1. A motion for rehearing was then filed, and in the brief in support thereof it was contended, among other things, that the cause was submitted on the theory, acquiesced in by both parties, that there was no dispute as to the amount of damages, and that the plaintiff, if entitled to recover at all, was entitled to recover the whole amount claimed. There seems to be some ground for this contention, and if the case rested solely upon that assignment we should hesitate to recommend a reversal of the judgment.

But we think the former judgment should be adhered to on other grounds. In the former opinion we discussed certain instructions relating to the burden of proof, and attempted to dispose of the contention that such instructions were to the effect that the burden of proof shifted during the trial. We are satisfied that the specific contention just mentioned is fairly disposed of in the former opinion, but, upon further consideration, are convinced that in the disposition thereof we impliedly gave effect to a rule of law which has no application to cases of this character, and that is that the burden of proof is upon the defendant to establish the defense that the loss was caused by the act of God. That rule is generally recognized and applied in actions against carriers for the loss of goods. *Black v. Chicago, B. & Q. R. Co.,* 30 Neb. 197; 1 Jones, Evidence, sec. 180, citing among other cases: *Nelson v. Woodruff,* 1 Black (U. S.), 156; *The Mohler,* 21 Wall. (U. S.) 230; *Levering v. Union Co.,* 42 Mo. 88, 97

Am. Dec. 320, and note.    But its applicability to such cases is due to the peculiar liability of a common carrier. His obligation is to carry and deliver the goods, and rests upon a contract, expressed or implied.    Where there is a breach of this obligation, the law, from considerations of public policy, pronounces the carrier legally answerable therefor, unless he can clear himself by bringing the loss within certain exceptions, one of which is the act of God. Schouler, Bailments and Carriers (2d. ed.), sec. 405.    But an ordinary action in tort for damages caused by some negligent act or omission of the defendant stands on a different footing.    In such case, the bare fact that the plaintiff has suffered damages raises no presumption against the defendant.    Nor is it sufficient for the plaintiff to show that the defendant was negligent; he must also show that such negligence was the proximate cause of the injury complained of.    *Brotherton v. Manhattan Beach I. Co.*, 48 Neb. 563; *City of Omaha v. Bowman,* 52 Neb. 293.    In other words, the burden is upon the plaintiff to show that his loss is the proximate result of defendant's negligence.    Plaintiff's proof tending to establish that proposition may be met by evidence in direct negation thereof, or by evidence which indirectly negatives the proposition, as, for example, that the loss was caused by a third person, or by the act of God, or some other agency, therefore it was not the proximate result of defendant's negligence.    In either case, where the evidence for and against the proposition is equally balanced, or preponderates in favor of the defendant, the plaintiff is not entitled to a verdict.    The mere fact that the defendant proceeded indirectly instead of directly to negative the proposition does not shift the burden of proof to its shoulders.    Indeed, this court has held that, in an action for damages on the ground of negligence, the burden of proof on the question of negligence does not shift, but remains with the plaintiff throughout the trial.    *Omaha Street R. Co. v. Boesen,* 74 Neb. 764; *Lincoln Traction Co. v. Shepherd,* 74 Neb. 369, 374.    These cases, while not

directly in point, have a strong bearing on the question under consideration. We have been unable to find a case directly in point, as the question has generally arisen in actions against common carriers which, as we have seen, stand on a different footing. *Chicago, R. I. & P. R. Co. v. Shaw,* 63 Neb. 380, tends to support the opposite view. That case, like the present, was for damages for surface water, and it was there held that the act of God, when relied on as a defense, must be specially pleaded. But the holding in that case seems to be the result of a failure to distinguish between actions against common carriers, as such, and those grounded entirely on negligence, and seems to be in conflict with the holdings of the New York courts which have repeatedly held that in the latter class of cases it may be shown, under a general denial, that the injury was caused by the negligence of a third person. *Schular v. Hudson River R. Co.,* 38 Barb. (N. Y.) 653; *Schaus v. Manhattan Gas Light Co.,* 14 Abb. Pr., n. s. (N. Y.) 371; *New Haven & Northampton R. Co. v. Quintard,* 6 Abb. Pr., n. s. (N. Y.) 128; *Gilbert v. Sage,* 5 Lans. (N. Y.) 287; *Howell v. Biddlecom,* 62 Barb. (N. Y.) 131; *St. John v. Skinner,* 44 How. Pr. (N. Y.) 198; *Kansas P. R. Co. v. Searle,* 11 Colo. 1. We can see no difference in principle between showing that the loss was caused by a third person and that it was caused by the act of God, or some other agency. After a careful examination of the subject, we are satisfied the rule that the burden of proof is upon the defendant to establish the defense of the act of God is not applicable in cases of this character. It follows therefore that the instructions of the court which we have considered are erroneous.

It is recommended that the former judgment of reversal be adhered to.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of reversal is adhered to.

REVERSED.

The following opinion on second rehearing was filed January 8, 1908. *Former judgment of reversal vacated and judgment of district court affirmed:*

Cities: ACTION FOR DAMAGES: INSTRUCTION. In an action brought against a city by a property owner for damages occasioned by the failure of the city to keep in repair an artificial drainage system constructed by it, whereby surface water was diverted from its natural flow during a rainstorm and cast upon his premises, the defendant pleaded a general denial, and that the storm was of such unprecedented character as to constitute the act of God. The jury were instructed in substance that, if they found that the defendant was guilty of negligence in failing to keep the drainage system in repair, the burden of proof was, in that event, upon the defendant to establish by a preponderance of the evidence that the storm was of sufficient violence to have caused the damage sustained by the plaintiff without the concurrence of such negligence. *Held,* That such instruction was not erroneous.

LETTON, J.

A full statement of the facts in this case and of the issues involved has been made in former opinions. The court being in doubt as to the correctness of the law as to the burden of proof laid down in the last opinion, a rehearing was granted mainly for the consideration of that question. Upon the other questions involved we are satisfied the case was properly submitted. At the trial the question of the amount of damages was treated as practically conceded, the main contention being whether plaintiff was entitled to recover at all.

The plaintiff bases his right of recovery upon the alleged negligence of the defendant in failing to keep in repair and in proper condition a system of drainage constructed by it, whereby surface water, which would not otherwise have flowed upon his premises, was diverted from its usual course and permitted to flow thereon to his damage. The defendant pleaded a general denial, and also pleaded that the injuries complained of were caused by a storm of such an unprecedented and extraordinary char-

acter as to constitute in law the act of God. The last opinion held that it was error, in such a state of the issues, to instruct the jury that the burden is upon the defendant to establish the defense of the act of God. It is said in the opinion of Mr. Commissioner ALBERT:

"In other words, the burden is upon the plaintiff to show that his loss is a proximate result of defendant's negligence. .* * * Plaintiff's proof tending to establish that proposition may be met by evidence in direct nega- tion thereof, or by evidence which indirectly negatives the proposition, as, for example, that the loss was caused by a third person, or by the act of God, or some other agency; therefore, it was not the proximate result of de- fendant's negligence. In either case, where the evidence for and against the proposition is equally balanced, or preponderates in favor of the defendant, the plaintiff is not entitled to a verdict. The mere fact that the defend- ant proceeded indirectly instead of directly to negative the proposition does not shift the burden of proof to its shoulders."

We think these statements hardly applicable to the question before us, for the instruction complained of only cast the burden of proving *vis major* on the defendant after the jury had been convinced by the plaintiff's proof that the defendant had been guilty of negligence to his damage. While the burden is on the plaintiff to show that his loss is the result of the defendant's negligence, when he has established the fact of·negligence on the part of the defendant and that his loss occurred directly there- from, he has met all of the conditions the law imposes upon him in order to recover, before any evidence is pro- duced by the defendant. He is not required to go further, and to anticipate and disprove all defenses which the other party may have pleaded or may introduce evidence to support under a general denial. When the plaintiff has closed his case, the defendant may show that it was not guilty of the negligent act complained of by either direct or indirect proof which negatives the proof offered

by the plaintiff as to the fact of its negligence or the plaintiff's damage. Further than this, the defendant may plead and offer proof of matters·in excuse or justification, as that the injury complained of would have occurred in any event without the concurrence of the defendant's negligence, or that some outside, independent force, of such nature that the defendant in its duty of observing care could not reasonably have anticipated or guarded against, was the proximate cause of the injury. Such defenses, while not technically confession and avoidance, partake of the nature of such defense. While not confessing the cause of action, they seek to avoid its effect by proof of other and new matter which bars the plaintiff's right to recover, and they must be established by the defendant in order to overcome the evidence on the part of the plaintiff, which, unexplained, would establish the defendant's negligence. They are affirmative in their nature and the burden of proving them is upon the person asserting them.

In the former opinion a distinction is sought to be drawn between such defense if pleaded by a common carrier and if offered by another, but we see no reason for the distinction, provided that the person seeking to assert it stands in a similar relation to the person injured. A carrier has undertaken a special duty to carry safely. If he fails to do so a presumption arises against him, which he must explain away. In this case the city had constructed a drainage system which the jury found it had neglected to keep in repair, and that by its negligence the plaintiff apparently was injured. In the one case, the presumption took the place of evidence against the carrier; in the other, the jury found the facts against the city as to neglect to keep up the ditches. The burden then rests alike on the carrier and the city to produce proof to show that its negligence was not the proximate cause of the loss or injury, but that the loss was attributable to an independent cause without the concurrence of its negligence, or, in other words, that, even if it had not been negligent, the injury would have occurred. In this case,

the city having constructed the artificial drainage system and changed the natural flow of the surface water, the obligation rested upon it to exercise reasonable care to maintain the system so that the water would not be collected and thrown upon the plaintiff's premises to his damage. The plaintiff had a right to rely upon its exercise of proper and reasonable care in that regard. If he was damaged by water breaking from such artificial drainage channel and rushing upon his premises by the negligence of the defendant, and the defendant undertook to explain the occurrence, the burden was upon it to make the explanation, and not upon the plaintiff to negative the excuse in making his case. *Chicago, R. I. & P. R. Co. v. Shaw*, 63 Neb. 380; *Fremont, E. & M. V. R. Co. v. Harlin*, 50 Neb. 698; *Olsen v. Webb*, 41 Neb. 147; *Williams v. Evans*, 6 Neb. 216; *Chicago, R. I. & P. R. Co. v. Buel*, p. 420, *post*. The illustration given by Judge Cooley in discussing special duties is instructive: "The case may be instanced of a householder on a prominent street of a city repairing his roof. While thus engaged a slate falls from the roof and injures a person passing along the street below. Here, manifestly, it was the duty of the householder to take such precautions as would reasonably guard against such an injury; all the obligation of special care was upon him, and the passer-by had a right to assume that no work being done over the walk was to subject him to danger. True, the act of God, or some excusable accident may have caused the slate to fall, but the explanation should come from the party charged with the special duty of protection." 2 Cooley, Torts (3d ed.), p. 1,422.

This view does not conflict with the doctrines of the cases of *Omaha Street R. Co. v. Boesen*, 74 Neb. 764, or *Lincoln Traction Co. v. Shepherd*, 74 Neb. 369, 374, for the burden of proof as to the existence of negligence still rests upon the plaintiff throughout the trial; neither, we think, does it conflict with the holdings of the New York cases cited in the last opinion, but may be distinguished therefrom. In fact, the case of *New Haven & North-*

*ampton Co. v. Quintard,* 6 Abb. Pr., n. s. (N. Y.) 128, established the rule in that state that an act of God must be specially pleaded in order to admit proof. This was an action against a common carrier, but, as we have seen, the rule is applicable to all other cases of special duties. The burden was placed upon the plaintiff by the instruction to prove the defendant's negligence of duty and his damage. After he had made his case, in order to escape the logical result of this proof, the defendant was required to show that the loss was inevitable under the circumstances. We think this was proper. After its negligence was established it had the laboring oar. The burden did not rest upon it to disprove negligence, but upon the plaintiff to prove it, but, negligence being proved against it, it did have the burden of showing an independent cause for the injury, by reason of which it was released from liability. Upon the whole case, we find no prejudicial error in the record.

The former judgment of this court is vacated and the judgment of the district court

AFFIRMED.