WILLIAM LE ROY RANDALL, APPELLEE, V. CITY OF CHADRON,
APPELLANT.

WILEY W. PARSONS, APPELLEE, V. CITY ·OF CHADRON,
APPELLANT.

FILED MAY 8, 1924.   NO. 23104.

1. **Municipal Corporations: OBSTRUCTION OF DRAINS: LIABILITY.**
Where a city has constructed in its streets a system of gutters
or drains to carry off surface water, it is charged with the duty
of ordinary care to maintain them in a proper manner; and
where one of its agents negligently and carelessly obstructs a
gutter or drain in such a manner as to dam the flow and raise
the water in the street to such a height that it overflows the
curb and runs into the basement of plaintiffs' store, injuring a
part of a stock of goods, the city itself will be liable for such
injury.

2. ——: ——: ——.  In such case, the city cannot relieve
itself from liability by pleading and proof that the carelessness
of a subcontractor of one with whom the city had made a con-
tract to curb, gutter and pave the street caused the obstruction.

3. ——: SUFFICIENCY OF EVIDENCE. Evidence examined, and
*held* not to establish that the rain which caused the damage was
so excessive and unusual as to constitute "an act of God."

4. **Judgment: RES JUDICATA.** The fact that a former action by
the plaintiffs against the paving contractor to recover damages
for the same injury was dismissed with prejudice does not ren-
der that decision *res judicata* as against the city, since the city
was not a party to the suit, and the negligent act which resulted
in the injury to the property of plaintiffs was not the act of the
paving contractor but of an independent subcontractor who was
not a party to the action.  The fact that plaintiffs sued an inno-
cent party was no defense to an action against the city.

5. **Municipal Corporations: DAMAGES: NOTICE.** "The words,
'arising from defective streets,' in section 4384, Comp. St. 1922,
have reference only to claims for damages to the person or prop-
erty of travelers upon the street using the same in the ordinary
way, and have no reference to a claim for damages to abutting
property based upon negligence or tort of the city giving rise to
a cause of action at common law; as to which claim no notice
need be served before suit." *Muffley v. City of St. Edward*, 110
Neb. 572.

Randall v. City of Chadron.

APPEAL from the district court for Dawes county: WIL-
LIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. B. Townsend, E. D. Crites, F. A. Crites* and *George T.
H. Babcock,* for appellant.

*Allen G. Fisher* and *Samuel L. O'Brien, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and
GOOD, JJ.

LETTON, J.

This is an appeal from a consolidated action brought
against the city of Chadron, a paving contractor, and a sub-
contractor, to recover damages occasioned by the flooding,
by water overflowing from gutters in the street, of the
basements of stores owned and operated by the respective
plaintiffs.  No service was had upon the other defendants,
and the action proceeded to a judgment against the city,
from which it has appealed.

The evidence is substantially to the effect that in 1920
the city entered into a contract with the Ford Paving Com-
pany to curb, gutter and pave certain streets in the city
and lay storm sewers therein; that, preparatory to paving,
a subcontractor of the paving company, the Hahn Construc-
tion Company, which was doing the curbing and guttering,
had entered upon the work on Main street in said city.  The
plaintiffs charge, and the evidence tends to prove, that,
through the negligence of this subcontractor, the gutters on
Main street became obstructed by piles of dirt and sand at
the intersection of Second street, in such a manner that the
water from a heavy rainfall, which otherwise would have
flowed down the gutters and passed away from the neigh-
borhooc of plaintiffs' stores without injury to their prop-
erty, was obstructed and dammed back in such a manner
that it overflowed the curb and ran into the basement of
their respective stores, causing the damage complained of
to goods therein.

Plaintiffs rely upon the proposition that it was the duty

of the city to keep the gutters unobstructed so that water flowing in them would be carried away from their premises; that this is a primary duty of the city from which it cannot be absolved even if the act was caused by the negligence of the independent contractor with whom it had contracted that the work should be done in a proper and legitimate manner. On the other hand, defendant contends that the evidence does not sustain the allegations of the petition; that the city is not liable for the negligent acts of its independent contractors; that the defense of independent contractor is *res judicata* against the plaintiffs, the evidence showing that it had been decided in a former action, brought by these plaintiffs against the Ford Paving Company for the same injuries, that said contractor was not liable for the damages, and the actions having been dismissed with prejudice, this constituted a former adjudication as to the liability of the city for the alleged damages sued for here, and that the city could not be held liable when the defendant Ford Paving Company is not liable; that no notice of the injury complained of was given as provided by section 4161, Comp. St. 1922; that the city in grading and improving its streets is not liable for injuries resulting from an incidental interruption or change in the flow of surface water. And it is charged the injury resulted from the negligence of plaintiffs in improperly filling ditches leading to the basements. No reply was filed, but the case was apparently tried on the theory that affirmative allegations of the answer were denied.

A number of these propositions have already been settled by this court. With respect to the defense that the injury resulted from the negligence of an independent contractor and therefore the city was not liable, it was held in *City of Beatrice v. Reid,* 41 Neb. 214:

"That a municipal corporation, by contracting with another to construct an improvement for it, does not and cannot thereby abdicate its control over the streets or public grounds of such corporation, nor thereby exonerate itself from liability for an injury resulting from the negligence

of such contractor in the manner of the performance of his contract."

Is the city liable for negligence in the maintenance of, or in the obstruction of, the gutters and drains provided by it for the removal of surface waters? In *City of Beatrice v. Leary*, 45 Neb. 149, the ground of negligence alleged and made the basis of the action was that the city, in grading and paving Court street, filled a ditch in the street through which surface water, flowing in a natural depression or drainage channel, found its way to the river, and failed to provide any other outlet for the water, so that the water was thrown upon and damaged plaintiffs' property. The city denied negligence, pleaded that the grading and paving were done at the request of the abutting property owners, of which plaintiff was one, and that the damages were the result of an unprecedented rain storm. The evidence showed that the overflow was brought about by the act of the city in filling the ditch and in failing to provide sufficient outlets to the water elsewhere. This court held that, when the city filled up the ditch in the street, it was charged with the duty of constructing other sufficient ditches or outlets to carry the water to the river. The gist of the holding is that the city, having constructed or provided a method of conducting surface water through its streets by means of a ditch or gutter, when it dammed or obstructed this outlet and failed to provide another method to discharge the waters, was guilty of actionable negligence.

In *McAdams v. City of McCook*, 71 Neb. 789, on rehearing, 76 Neb. 1, 7, 11, the facts alleged were that certain merchandise in the basement of plaintiff's storeroom was damaged by reason of the negligent omission of the city to maintain in proper condition a system of drainage ditches and culverts which it had constructed for the purpose of conducting surface water through the city; that the natural flow of surface water had been diverted through this system; that, through the negligence of the city, the embankments which confined the waters to the drainage ditches

Randall v. City of Chadron.

had been worn down and reduced to a level, and in consequence thereof the water in the ditch during a heavy rainstorm was diverted and precipitated in a southeasterly direction against the plaintiff's building, thereby causing the injury complained of. There was no allegation that there was any carelessness or negligence in the original construction of the drainage system. The city denied negligence, and alleged that the injury was caused by a storm of such an unusual and unprecedented character as to constitute it "an act of God." The court said that, while the city was under no obligations to construct a system of drainage, yet it did not follow that this absolved it from liability for injury occasioned to private property by its failure to keep the ditches in proper condition.

"When a city makes provision by sewers or drains for carrying off the surface water, it may not discontinue or abandon the same when it leaves the lot owner in a worse condition than he would have been if the city had never constructed such drains. *City of Atchison v. Challiss,* 9 Kan. 603. It is also urged by the city that the injury complained of by the plaintiff was occasioned by surface water, which is a common enemy, and that for injuries arising from this source no one is liable. This contention, however, so far as it applies to cases of this character, is qualified by the principle that the city, like a private individual, must so use its own as not to injure another. *City of Kearney v. Themanson,* 48 Neb. 74."

These principles were not departed from in the final opinion, which held that it was incumbent upon the defendant to establish the defense that the storm was of such a character as to constitute it an act of God, and the judgment against the city was affirmed.

These decisions have settled the questions as to the liability of a city for negligence in failing to keep or maintain its surface-water drainage system in its streets in proper and reasonable condition, and as to whether it can relieve itself from this liability by proof that the negligence was that of an independent contractor employed by it.

As to the defense of *res judicata,* separate actions were brought by the plaintiffs against the Ford Paving Company, which was the sole defendant in the actions. The evidence showed that that company had not been guilty of any negligent act which resulted in the injury to the plaintiffs' property, but that the obstructions in the gutter were created by the negligent acts of the Hahn Construction Company, an independent subcontractor, which was not a party to the action. For this reason, the court dismissed the suit. The city was not a party to either of these actions, and the fact that the plaintiffs mistakenly sued an innocent party could not affect their right to recover against the city.

There was a conflict of evidence as to the fact of excessive and unusual rainfall. There was sufficient evidence to sustain the finding of the trial court against the city on this issue.

As to the defense that the surface water entered the basement in consequence of the negligence and want of care of the plaintiffs in installing a water-pipe connecting to the city's water-main in the street, in the course of which a ditch was opened and negligently refilled in such a manner as to be insufficient to exclude from the basement rain and surface water running in the street, the evidence was conflicting, but the finding of the trial court is not found to be erroneous.

Does the failure of the plaintiffs to give the notice required by section 4384, Comp. St. 1922, constitute a defense to this action? The city of Chadron is a city of the second class, and consequently section 4384, and not section 4161, which is cited by counsel for the city, applies. This question has already been settled in a recent case. In *Muffley v. Village of St. Edward,* 110 Neb. 572, it is held:

"The words, 'arising from defective streets,' in section 4384, Comp. St. 1922, have reference only to claims for damages to the person or property of travelers upon the street using the same in the ordinary way, and have no reference to a claim for damages to abutting property based upon negligence or tort of the city giving rise to a cause of

action at common law; as to which claim no notice need be served before suit."

It has also been held that where the injury is the result of an act of direct malfeasance on the part of an agent of the city, the city is bound to take notice of it, and further notice is unnecessary. *Tewksbury v. City of Lincoln,* 84 Neb. 571; *City of Omaha v. Jensen,* 35 Neb. 68.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

Note—See Judgments, 23 Cyc. p. 1280; Municipal Corporations, 28 Cyc. pp. 1316, 1450 (1925 Ann.).