MINNIE PASOLD, Appellant, v. TOWN OF DE WITT, Appellee.

**LIMITATION OF ACTIONS:** Defective Streets—Notice. *Notice of the time, place, and circumstances of an injury occurring on a sidewalk is necessary (in order to prolong the statute of limitation), (1) even though the city owns the abutting property, and (2) even though the defect was not in the walk, but on the walk.*

*Appeal from Clinton District Court.*—A. P. BARKER, Judge.

NOVEMBER 11, 1924.

ACTION at law, to recover damages for injuries alleged to have been sustained by plaintiff by falling on snow and ice on the sidewalk. The defendant's demurrer to the petition was sustained. Plaintiff appeals.—*Affirmed.*

*Skinner & Petersen Law Co.,* for appellant.

*F. W. Ellis* and *Pascal & Pascal,* for appellee.

PRESTON, J.—The petition was filed July 25, 1923, and alleges that the injury occurred in February, 1923. It is conceded that no notice was served on the defendant, as required under Paragraph 1, Section 3447, Supplement to the Code, 1913. The demurrer was upon the ground that no notice was given. Appellant contends that no notice was necessary, because, first,

snow and ice on a sidewalk should not be held a defective condition thereof; and second, the town owned the property abutting on the sidewalk at the point in question, upon which were its municipal buildings.

1. It is conceded by appellant that, under Iowa law, the owner of abutting property is liable for an injury caused by his negligence. It is alleged that defendant owns in fee the ground upon which its municipal buildings stand; that plaintiff was injured in front of these buildings because of ice on the sidewalk; that the presence of ice upon said sidewalk was produced by the carelessness of said defendant in permitting water pipes on the municipal buildings to became so broken and detached that the water was discharged by the perpendicular pipe upon the ground, and flowed along the ground in front of said buildings to the driveway connected therewith and along the driveway to the sidewalk connected with the municipal buildings. It is also alleged that, prior to February, said sidewalk was covered with ice which had been gradually allowed to accumulate for many weeks prior to said time.

The town is also the owner of its streets. We are of opinion that there is no merit in appellant's contention that, because the city owned the abutting property, no notice was required.

2. The question most elaborately argued is that the accumulation of snow and ice on the sidewalk is not a defect therein, and that, therefore, under the statute, no notice was required. The statute in regard to the time for commencing actions provides:

"Those founded on injury to the person on account of defective roads, bridges, streets or sidewalks, within three months, unless written notice specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

While it is true, as contended by appellant, that defendant is the owner of the abutting property, and, as said, the town also owns the street, it should be remembered that the injury occurred in the street, on the sidewalk. It may be true, as contended by appellant, that ice and snow on the walk do not con-

stitute a defect in the walk itself; but it is a defective condition. The purpose of the statute in requiring notice of the time, place, and circumstances, is to permit the city to investigate the matter while it is fresh. It would be as important and necessary to the city to investigate the circumstances where it is alleged that ice caused the injury, before witnesses had moved away or forgotten, as to know the alleged defect in the walk itself. We said, in *Howe v. Sioux County*, 180 Iowa 580, 586, 587, quoting from other cases, that the purpose of the notice is to enable the municipality, "not only to investigate the city's liability while the facts are fresh, but also to ascertain what evidence there may be of conditions then existing, and of the character of the injury, while witnesses are at hand." Under this, the character of the injury is of importance, as well as the condition of the sidewalk. In *Blackmore v. City of Council Bluffs*, 189 Iowa 157, 166, and *Ray v. City of Council Bluffs*, 193 Iowa 620, snow and ice cases, the condition of the walks was referred to as a defect. Cases cited by appellant holding that no notice is required where the defect is created by the corporation itself, are cases in regard to the notice of the existence of the defect itself, prior to the injury. Such cases do not determine the question of notice under Section 3447.

Without further discussion, we are of opinion that the demurrer was properly sustained. The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.