ANNA BETHSCHEIDER, APPELLANT, V. CITY OF HEBRON, APPELLEE.

291 N. W. 684

FILED APRIL 19, 1940. No. 30742.

*Baldwin & Baldwin* and *Robert B. Waring*, for appellant.

*Walter C. Weiss, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and ELLIS, District Judge.

ELLIS, District Judge.

In this case the plaintiff below and appellant here filed her petition seeking to recover for personal injuries sustained as a result of falling into an open sewer ditch which had been dug at right angles to the paved portion of a street in defendant city and across a footpath paralleling the pavement.

The petition alleges that the ditch was dug by the defendant through its agents and that it was negligently left open and unguarded by the defendant. The petition contained other allegations appropriate in an action of this kind, but did not allege that any notice, either of the defect in the public way or of plaintiff's accident, injury and claim, was ever given to the public officials of the defendant. To this petition the defendant interposed a general demurrer which was sustained by the trial court. From this ruling plaintiff has appealed.

The ruling of the trial court was expressly based on the failure of the petition to allege the giving of notice provided for in section 17-582, Comp. St. 1929, or excuse for not having done so. Plaintiff in her brief frankly concedes that, if the notice provided for in the statute was required to be given in the situation alleged, the ruling of the trial court was correct.

It thus appears that the disposition of this appeal depends upon interpretation and applicability of section 17-

582. Our problem is to determine the legislative intent and purpose as expressed in this statute. Plaintiff contends that, because of the fact that the defendant city itself created the defect and, having done so, left it unguarded, the statute does not apply and notice was not a condition precedent to plaintiff's right to sue.

Without quoting the statute in full, it requires notice in writing "of the *accident* or *injury*" with a statement "of the *nature* and *extent* thereof, so far as the extent of the *injury* is known at the time, and of the time when and the place where the same occurred." (Italics ours.) The statute also provides for extension of the 30 days allowed where the injured person is disabled by the injury from giving the notice. The statute also provides that no costs shall be recovered against the city on claims allowed in part unless the recovery by action shall be for a greater sum than that allowed with interest thereon.

From an examination of the cases involving liability of municipalities for negligence, it appears that the matter of notice as a condition precedent to suit has been considered under two different types of statute or charter provisions—the one type requiring notice of the defect before occurrence of the injury and the other requiring notice after the event. The matter of notice has also been considered where the negligence occurred as a result of operations of the municipality in the governmental and corporate fields on the one hand and in the nongovernmental or proprietary field on the other hand.

McQuillin in his work on Municipal Corporations, Vol. 6 (2d ed.) 1277, sec. 2887, says: "It is necessary to keep in mind that notice of the defect before the accident is one thing, and notice of the accident is another and entirely different thing."

The case of *Enyeart v. City of Lincoln*, 136 Neb. 146, 285 N. W. 314, involved a charter provision requiring notice of the defect five days before the occurrence of such injury or damage. It was held in that case that where the ground of the action was positive misfeasance on the part of the

city (it appearing from the evidence that the city had constructed the walk) notice was not essential. This decision followed the holding of this court in *Updike v. City of Omaha*, 87 Neb. 228, 127 N. W. 229. In the latter case the court held that undoubtedly the real purpose of requirement of notice of the defect before the accident was to enable the city to prevent accidents by repairing or guarding the defect, and therefore the statute had no application where the act of the city itself created the dangerous condition, since knowledge of its existence was inherent in the creative act itself. In that case the court discussed a statute like the one involved in the principal case and said: "The object of the statute was to enable the city officials to *properly investigate* the nature and validity of the *claim* presented." (Italics ours.) This case and those preceding it clearly point out the reason for exemption from the requirement of notice of the *defect* where created by the acts of the municipality.

Plaintiff cites language from *Randall v. City of Chadron*, 112 Neb. 120, 198 N. W. 1020, immediately preceding citation of *Tewksbury v. City of Lincoln*, 84 Neb. 571, 121 N. W. 994, and *City of Omaha v. Jensen*, 35 Neb. 68, 52 N. W. 833. It will be observed that in the *Randall* case the action was for damages from flood waters overflowing from streets and it was held that the statute here involved did not apply. The *Tewksbury* case involved a charter provision requiring notice before the injury or damage, and in the *Jensen* case no charter provision appears from the opinion to have been involved and the case turned on the matter of notice of the defect before the injury. It therefore appears that the language cited could not have application to and constitutes no precedent in a situation like that now before us.

In *McCollum v. City of South Omaha*, 84 Neb. 413, 121 N. W. 438, Justice Rose, in discussing a charter provision requiring notice of the accident and injury, said: "The lawmakers in requiring prompt notice of claims for damages arising from defective sidewalks evidently had in mind the

necessity of information and the opportunity of investigation at a time when knowledge of the facts relating to accidents can be ascertained. Information of this character is essential to the interests of the city in adjusting claims and in defending suits."

In *Pasold v. Town of DeWitt,* 198 Ia. 966, 200 N. W. 595, the court said: "The purpose of the statute in requiring notice of the time, place, and circumstances, is to permit the city to investigate the matter while it is fresh." That court points out the distinction between this type of case and those involving statutes requiring notice of the defect itself prior to the injury, in which it is held that notice is not required where the defect is created by the corporation itself.

This very statute was before this court in *Chaney v. Village of Riverton,* 104 Neb. 189, 177 N. W. 845, and the court in considering the intention of the legislature said: "The object of the statute was to enable city officials to properly investigate the nature and validity of such claims at a time when knowledge of the facts relating to the accident could be ascertained, and such information preserved for use by such officials as might be in charge of the city's affairs when the matter later came up or the case was tried or defended, and in order that spurious or unmeritorious claims might be avoided."

In *Henry v. City of Lincoln,* 93 Neb. 331, 140 N. W. 664, this court pointed out the distinction between the duties and liabilities of municipalities in the governmental and corporate fields on the one hand and in the private business or proprietary field on the other hand and held that a statute similar to the one involved here did not apply to claims resulting from operations in the latter field. In discussing the similar statute the court said: "The object of the notice, when required, is well understood to be to give the municipality an opportunity to investigate, and to protect against fictitious claims."

The liability of municipalities in this type of case has its basis in statutory duties and powers imposed and granted

by the legislature. It necessarily follows that the legislature may impose conditions precedent to the enforcement of such liability. Upon the wisdom of conditions imposed we have no right to pass, although in cases of this kind it does seem that a fresh opportunity to ascertain all the facts surrounding the occurrence of the accident and injury would be conducive to more adequate protection of the public interest. Knowledge of an admittedly dangerous condition may involve notice that an accident or injury is likely to follow, but that is not notice that it has happened. It is quite apparent that knowledge of the operation out of which the defect arose would not involve knowledge of contributory negligence which might be a complete defense to the claim and proof of which might become more difficult or impossible upon long delay on assertion of the claim. Likewise, knowledge of the operation would not involve knowledge of intervening acts of third persons which might materially and substantially affect the liability of the municipality. Many other considerations suggest themselves and constitute ample support for a legislative purpose to require notice of injury and claim therefor.

Considering the specifications in the statute of the information which must be contained in the notice—*the accident or injury—the nature and extent thereof*—as well as the previous expressions of this court, we conclude that its primary purpose was to afford to the municipal authorities prompt notice of the accident and injury in order that an investigation may be made while the occurrence is still fresh and the municipal authorities placed in a position to intelligently consider the claim, allow it if deemed just, or in the alternative to adequately protect and defend the public interest.

Having come to this conclusion, the argument that the city having by its own act created the defect should be held to have knowledge of its existence and the requirement of notice avoided is not persuasive. To extend the rule of the *Updike* and similar cases to include the notice statute here involved would be to extend the rule beyond the rea-

son therefor so clearly pointed out in those cases. The plaintiff's cause of action falls within the scope of cases to which the statute is applicable, and since we hold that the purpose of the statute is to give notice of the accident and injury, as distinguished from mere notice of the defect, it follows that the notice must be given in accordance with the requirements of the statute as a condition precedent to an action on such a claim and that this must be done regardless of whose negligent act created the defective condition.

We have examined the case of *Hughes v. City of Fond du Lac,* 73 Wis. 380, 41 N. W. 407, cited by the plaintiff as well as subsequent decisions of the Wisconsin court and think that the distinction between that case and cases like the principal one is pointed out by that court in its subsequent decisions. We think the rule in that state is in accord with our conclusion herein.

Without further discussion, we are of the opinion that the demurrer was properly sustained.

The judgment is

AFFIRMED.

SIMMONS, C. J., and MESSMORE, J., dissent.