ELIZABETH BLIVEN, Appellee, v. CITY OF SIOUX CITY, Appellant.

**Municipal Corporations:** SIDEWALKS: DEFECTIVE BILL-BOARD: PERSONAL INJURY: NOTICE: CONSTRUCTION OF STATUTE. A defective bill-board, standing wholly in the street between the sidewalk and the abutting property, is a defect in the sidewalk, within the meaning of section 1, chapter 25, of acts of the Twenty-second General Assembly, providing that no action shall be brought against a municipal corporation, on account of injuries resulting from defective streets or sidewalks, after six months from the date of injury, unless written notice of such injury be served upon the corporation within ninety days after its occurrence.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

ACTION to reccover damages for personal injuries alleged to have been caused by negligence on the part

of the defendant.   There was a trial by jury, and a
verdict and judgment in favor of the plaintiff.   The
defendant appeals.—*Reversed*.

*J. L. Kennedy* and *T. G. Henderson*, for appellant.

Appellant contends that the gist of the appellee's
action is personal injury, resulting from a defective
street, and the failure of appellant to properly main-
tain its streets;   and that by the provisions of section
633 of McClain's Code her action is barred.   "The
manifest object of the provision in the charter is that
the city may have timely notice of any such claim
made; so as to be able to ascertain what the facts are,
and to establish them while witnesses are obtainable."
*Nichols v. City of Minneapolis*, 16 N. W. Rep. 410;
*Schultz v. Coon*, 8 N. W. Rep. (Wis.), 283; *Dorsey v.
City of Racine*, 18 N. W. Rep. 928.   This court has
held that the permission of an obstruction in a street
from snow and ice being deposited thereon, whereby
injury results to a traveler, will render the city liable.
*Collins v. City of Council Bluffs*, 32 Iowa, 324.   Hence
it cannot be said that the structure complained of
herein was no part of the street, and consequently
did not constitute a nuisance or defect in the street,
for snow and ice cannot be said to be a part of the
street when deposited thereon.   It would seem in the
case at bar, that the liability of the city, if liable at all,
would be from a failure to repair the street by remov-
ing the structure therefrom.   This bill-board was not
only placed upon the street, but was so erected as to
become a part of the street itself.   *Moore v. City of
Burlington*, 49 Iowa, 136.   Section 726 of the Code
makes it the duty of the municipality to keep its streets
open and in repair and free from nuisance.   Section
5470 of McClain's Code declares that "the obstructing
or encumbering by fences, buildings or otherwise the
public highways, private ways, streets, alleys or com-

mons, are nuisances." The city must, therefore, have been guilty of negligence with respect to the maintenance of their streets, and appellee's action must have been barred by reason of her failing to bring her action within the time required, and failure to serve notice upon the city within ninety days from the date of the injury.

*Mell C. Jay* and *Lynn & Sullivan*, for appellees.

In speaking of injuries resulting from defective streets or sidewalks, the legislature only meant, of course, defects as such. And, also, in speaking of the failure of such corporation to perform its duty in constructing or maintaining streets or sidewalks, they certainly mean the same sort of defect, to-wit: Defects in the street as such. The case of *Nichols v. City of Minneapolis*, cited by counsel for appellant, while it calls attention to some statute of a similar character, does not even mention the sort of defect complained of. Whether it was a defect in the street as such or an independent structure, which in no way obstructed travel. And in the case of *Plumb v. City of Fond du Lac*, erroneously styled *Schultz v. Coon*, by counsel for appellant, the injury was caused by a defect in the sidewalk. Neither is the character of the defect set forth in the case of *Dorsey v. City of Racine*, cited by appellant. In the case of *Collins v. City of Council Bluffs*, cited by counsel, snow and ice had accumulated in the traveled part of the street in such manner as to constitute a defect. In *Moore v. City of Burlington*, lumber had been piled up in the traveled portion of the street in such manner as to precipitate the traveler into a creek, and being an obstruction to travel and an incumbrance to the sidewalk, necessarily constituted a defect in the street as such. As sustaining our position, that the bill-board complained of did not constitute a defect in the street as such, we cite:

*McArthur. v. City of Saginaw*, cited by counsel for appellant, and *Carver v. Plank Road Co.*, 61 Mich. 585; *Hixon v. Lowell*, 13 Gray 59; *Rowell v. City of Lowell*, 7 Gray, 100; *Kitter v. Dunstable*, 7 Gray, 104; *Taylor v. Peckham*, 5 Am. Rep. 578; *Hewison v. City of New Haven*, 9 Am. Rep. 345; *Macomber v. Taunton*, 100 Mass. 225; *Homes v. Boston*, 6 Am. Rep. 194. Because a structure is a nuisance, it does not by any means follow that it is a defect in the street as such. The statute of limitations, which it is claimed is applicable to this case, in no way alludes to nuisances, or structures which do not constitute defects in streets as such, with regard to their usefulness and safety for the purpose of travel, but merely mentions defects and neglect or failure to keep in repair. See *Hughes v. City of Fond du Lac*, 41 N. W. Rep. 407; *Pye v. City of Mankato*, 38 N. W. Rep. 621.

ROBINSON, C. J.—A wooden structure ninety-two feet in length, and about twelve feet in height, made by nailing boards to upright pieces of timber, and known as a "bill-board," fell upon the plaintiff while she was on a sidewalk in a street of the defendant, inflicting the injuries for which she seeks to recover. The bill-board was wholly in the street between the sidewalk and the lots, about three feet from the latter, and half that distance from the former. There was evidence which tended to show that the bill-board was constructed several years before the accident; that it was not properly constructed; that some of its timbers had decayed; and that it was unsafe, and had been in that condition so long that the defendant should be charged with knowledge of the fact that it was unsafe before the accident occurred.

I. One of the defenses pleaded is that the action is barred by the statute applicable to such cases, for the reason that the accident occurred more than six months before the action was brought, and no notice

of the alleged injuries was served upon the defendant within ninety days from the time they were received. It is admitted that the facts as to the time of the accident and service of notice are as pleaded. Section 1, chapter 25, Acts of the Twenty-second General Assembly, is as follows: "Section 1. That in all cases of personal injury resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation, or its officers, to perform their duties in constructing or maintaining streets or sidewalks, no suit shall be brought against the corporation after six months from the time of the injury, unless written notice specifying the place and circumstances of the injury shall have been served upon such municipal corporation within ninety days after the injury." The appellee contends that the bill-board did not constitute a defect in the street or sidewalk, within the meaning of this statute.

In *McArthur v. Saginaw*, 25 N. W. Rep. (Mich.) 313, cited by the appellee, it was held that the liability of the city for injuries suffered in its streets was statutory, and was confined to such defects as arose from their being out of repair, and it did not cover objects forming no part of the streets, and not affecting their condition as ways kept in repair. It was also held that it was not necessary for the city to keep the full width of a street open for travel, and that where a sufficient portion of it was kept in proper condition for use the city was not liable for damages resulting to the driver of a horse from lumber piled at the side. In *Hixon v. Lowell*, 13 Gray, 59, it was held that the city was not liable for injury to a pedestrian on a sidewalk which it was required to keep in repair, caused by ice and snow which fell from an overhanging roof. In *Macomber v. Taunton*, 100 Mass. 255, it was held that the city was not liable for injuries which were caused by a hitching post which

stood in the street on the outer edge of the sidewalk. Other cases of a somewhat similar character are cited by the appellee, but, in our opinion, none of them support her theory of the statute.

It is the duty of a city to keep its streets open and in repair, and free from nuisance. Code sec. 527. It is also its duty to maintain its sidewalks in a reasonably safe condition. *Thomas v. Town of Brooklyn*, 58 Iowa, 438, 440; *Beazan v. Mason City*, 58 Iowa, 233. This duty extends, not merely to the surface of the street or walk, but to those things within its control which endanger the safety of those using the street or walk properly. It may not be the duty of a city to open to public travel a given street to its full width, and it may not be its duty to construct a sidewalk thereon; but when it has assumed that obligation, it should make the street and the walk reasonably safe for the uses for which they are intended. A "defect" is defined to be a want or "absence of something necessary for completeness or perfection." Webster's dictionary. It also includes the idea of a fault or want of perfection. In the statutory sense a street or sidewalk is defective when it is not in a reasonably safe condition for the use for which it is intended. That condition may be due to improper construction, to poor materials, or other causes. It may be due to the presence of something which is a menace to the safety of the users of the way, as well as to imperfect construction or the absence of needed labor or material. In *Drake v. Lowell*, 13 Metc. (Mass.) 292, the city was held to be liable for damage caused by the fall of an awning which extended over the sidewalk, although the walk under the awning was in good condition. The statutory liability of the defendant in that case was much like that of the defendant in this. In *Jones v. Boston*, 104 Mass. 75, the case last cited and other cases were reviewed, and it was said that a danger from the inse-

cure condition of the awning may reasonably be treated as arising from a defective or unsafe condition of the sidewalk. In this case the bill-board was not a part of the street nor of the sidewalk, but it was in the street, and subject to the control of the defendant. It made the sidewalk near it unsafe, and caused the injuries in question. It is immaterial, for the purposes of this case, whether the defect be said to have been in the street or sidewalk, or both, although as the bill-board made the walk unsafe, that may be said to have been "defective," within the meaning of the statute. This conclusion is strengthened by the evident purpose of the statute. That was designed to give the municipal corporation such notice of injuries for which it is claimed to be liable as will enable it to investigate the injuries and the circumstances under which they were received, while witnesses who knew and remember the facts can be found, to the end that fraud may be prevented and justice be done. It would be as important to the corporation to have notice of an injury which resulted from the falling of boards upon a sidewalk as though it resulted from a broken or missing board. There is no reason to presume that the statute was intended to exclude one case and include the other.

In our opinion, the action is barred by the statute, and judgment must be rendered in favor of defendant. REVERSED.