THOMAS McCOLLUM, APPELLANT, v. CITY OF SOUTH OMAHA, APPELLEE.

FILED MAY 7, 1909.    No. 15,685.

1. Cities: DEFECTIVE SIDEWALKS: NOTICE. A dangerous accumulation of snow and ice on a sidewalk was a defect therein within the meaning of section 107, art. II, ch. 13, Comp. St. 1905, exempting South Omaha from liability for damages arising from a defective sidewalk, unless notice of the accident was filed with the city clerk within 20 days.

2. ――――: ――――: ――――. The charter of South Omaha as it existed in 1906 exempted the city from liability for damages arising from a defective sidewalk, unless notice of the accident was filed with the city clerk within 20 days, and the fact that an injury deprived a person of consciousness during that time did not create an exception to the provisions of the statute or excuse him for noncompliance with its terms. *Schmidt v. City of Fremont,* 70 Neb. 577.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*J. W. Eller* and *Benjamin S. Baker,* for appellant.

*S. L. Winters, contra.*

Rose, J.

February 16, 1906, plaintiff slipped and fell on ice and snow which had been allowed to accumulate on a sidewalk in the city of South Omaha, and brought this suit September 7, 1906, to recover resulting damages in the sum of $30,500 for personal injuries. In his petition he alleged that by his fall he was instantly rendered unconscious, and that he remained in that condition for more than 20 days. He failed to give the city notice of his injury within the statutory period of 20 days, and for that reason the trial court sustained a demurrer to his petition. Refusing to plead further, his action was dimissed, and he presents his case here on appeal.

1. The order of dismissal is said to be erroneous because notice was not required under the facts pleaded. At the time of the accident defendant's charter contained the following provision: "The city shall not be liable for damages arising from defective streets, alleys, sidewalks, public parks or other public places within the city, unless a notice in writing of the accident and injury complained of is filed with the city clerk within twenty (20) days after the date of the injury." Comp. St. 1905, ch. 13, art. II, sec. 107. Plaintiff contends that the accumulation of snow and ice on the sidewalk was an obstruction, and not a defect, within the meaning of the statute quoted, and that therefore notice was unnecessary. In determining the meaning of "defective," the purpose of the enactment in which the word is used should be considered. The lawmakers in requiring prompt notice of claims for damages arising from defective sidewalks evidently had in mind the necessity of information and the opportunity of investigation at a time when knowledge of the facts relating to accidents can be ascertained. Information of this character is essential to the interests of the city in adjusting claims and in defending suits. Such notice and information are just as important in cases where accidents are caused by accumulations of ice and

snow on sidewalks as in other cases. There is nothing in the language of the act to indicate the word was used in a restrictive sense inapplicable to obstructions of ice and snow. In addition, many adjudications show that the word "defective" as applied to sidewalks and streets may include obstructions, and that it is not limited to inherent imperfections, as argued by plaintiff. In *Bliven v. Sioux City*, 85 Ia. 346, a dangerous bill-board between a sidewalk and abutting property was held to be a defect in the sidewalk. Obstructions and banners have been held to be defects in the streets. *Hume v. Mayor*, 74 N. Y. 264; *Champlin v. Village of Penn Yann*, 34 Hun (N. Y.), 33; *Davis v. Hill*, 41 N. H. 329; *Carpenter v. Town of Rolling*, 107 Wis. 559; *Whitney v. Town of Ticonderoga*, 53 Hun (N. Y.), 214; *Ring v. City of Cohoes*, 77 N. Y. 83; *Eggleston v. Columbia Turnpike Road*, 18 Hun (N. Y.), 146. Plaintiff's understanding of the word "defective" as used in the statute cannot therefore be adopted. In holding that the accumulation of ice and snow was a defect in the sidewalk within the meaning of the charter, the trial court did not err.

2. The fact that plaintiff's fall deprived him of consciousness for more than 20 days, as admitted by the demurrer, is urged as an excuse for his failure to give the statutory notice within that time. This question is not an open one. It was presented in *Schmidt v. City of Fremont*, 70 Neb. 577. In that case plaintiff insisted that, by reason of incapacity resulting from his injury, he was not required to give the notice within the statutory period, and invoked the rule that physical inability to comply with the law, without fault on his part, was a sufficient excuse for noncompliance. In an opinion by Commissioner AMES this court said: "The validity of the general rule is not doubtful, but we apprehend that it is available only as an excuse for the nonperformance of a legal duty by the party pleading it, but not to extend the time, or afford an opportunity, for the fixing of the statutory lia-

bility upon another." Other courts have held that the disability of infancy does not create an exception to a statutory provision requiring notice to a city of all claims for personal injuries. The effect of the holdings is that the legislature may fix a limitation applicable to all, and that exceptions omitted from the statute do not exist. *Davidson v. City of Muskegon*, 111 Mich. 454; *Morgan v. City of Des Moines*, 60 Fed. 208; *Donovan v. City of Oswego*, 42 N. Y. App. Div. 539.

There being no error in the record, the judgment is

AFFIRMED.

FAWCETT, J., dissenting.

The rule announced in the opinion is supported by the authorities cited. Nevertheless it is barbarous. To illustrate: The statute gives a right of action to anyone who, without fault on his part, is injured by reason of the negligence of a city in not using reasonable care to keep its sidewalks in reasonably safe condition for travel over them. At the same hour A is injured by a sidewalk on Fifth street and B on Tenth street. A has a finger broken. He notifies the city within 20 days, and recovers $100. B has both arms broken, and also suffers a fracture of the skull which renders him unconscious, and he so remains for more than 30 days. He is disabled for life, but he is not permitted to recover. Why not? Because as a result of the city's negligence he was so seriously injured that for more than 20 days he was totally unconscious and could not notify the city of its own wrong. Any rule of construction which will result in such flagrant injustice is so contrary to every instinct of humanity that it ought never to be permitted to disgrace the reports of the court of last resort of any Christian state. It is preposterous to say that the legislature ever intended to give a party a remedy for a wrong and at the same time deprive him of that remedy if he failed to perform some condition subsequent which the wrong of the

wrong-doer rendered it impossible for him to perform. "The law countenances no such wretched ethics. Its command always is to do justice."