## Mary Schweer, Appellee, v. City of Chicago Heights, Appellant.

### Gen. No. 16,467.

NOTICES—*when of injuries received upon sidewalk sufficient.* Such a notice if signed by the attorney of the party claiming to have been injured is sufficient to satisfy the statute. *Held,* further in this case, that the notice in question otherwise complied with the provisions of the statute.

Trespass on the case. Appeal from the City Court of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 12, 1912.

GEORGE A. BRINKMAN, for appellant.

LINDHOUT & LINDHOUT, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This appeal is prosecuted from a judgment for $750, recovered by Mary Schweer against the City of Chicago Heights, in the City Court of Chicago Heights. The action is trespass on the case for injuries which Mrs. Schweer sustained because of the negligence of the City of Chicago Heights, in maintaining a defective sidewalk on the east side of Union street, about fifty feet south of 15th street in that city.

The evidence shows that the plaintiff below, appellee, stepped into a hole in the sidewalk and broke both bones, the *tibia* and *fibia,* in the lower third of her right leg. The particular sidewalk where the accident happened was and had been for sometime in a state of disrepair, and for the purpose of making a cement sidewalk in place of the board sidewalk on which the plaintiff was injured, some portions of the walk had been torn up and taken away. In some places the ce-

ment sidewalk was already in place, in other places there was a cinder walk, and in still other places a mud walk.

The principal ground urged for a reversal of the judgment is based upon the notice set forth in the plaintiff's declaration and offered in evidence in the case. That notice was addressed to the city attorney by name, and to the city clerk by name of the City of Chicago Heights, and read as follows:

"You are hereby notified that on April 9, 1909, at about 10 o'clock A. M., Mrs. Mary Schweer of 1419 Parnell avenue in the City of Chicago Heights received a broken limb and other injuries through getting caught in a defective sidewalk on the east side of Union street, and at a point about 50 feet south from the intersection of 15th street and Union street, in the City of Chicago Heights, Cook County, in the State of Illinois.

The name of the attending physician is Dr. F. A. Walls, with offices above Bradley's drug store on the corner of Illinois street and West End avenue, in the City of Chicago Heights, Illinois."

The notice was signed by the attorneys for Mrs. Mary Schweer and was endorsed as received and filed on the 16th day of June, 1909, by George A. Brinkman, city attorney, and by W. E. Lennertz, city clerk.

The objections to the notice urged are, "first, that the notice does not show to whom the cause of action accrued; second, from the notice it cannot be ascertained who contemplates bringing the suit; and, third, it not appearing to whom the cause of action accrued, and who contemplates bringing the suit, therefore the notice should not be signed by attorneys for Mary Schweer; fourth, the notice cannot be sustained except by extrinsic evidence to establish the fact whether Mary Schweer was living, and if she were not living the notice could not be signed by her attorneys, at any rate, it could only be held good after construction; fifth, the address of the attending physician is not

given; sixth, the notice does not state that Dr. F. A. Walls was her attending physician, nor does it state that said doctor attended her for the injury she claims to have received; and, seventh, the notice was not properly proven, nor admitted in evidence, so far as the record is concerned.''

In our opinion, none of the objections to the notice is well taken. The notice was sufficient and was properly admitted in evidence.

It was urged that the plaintiff was guilty of contributory negligence in taking the route which she did in going to her home; that instead of going down Union street she should have gone east on 16th street to Wallace street, where the sidewalks were in a good state of repair; and that in choosing the route that she took she was guilty of contributory negligence. The jury found against the appellant on the question of contributory negligence, and we think properly under the evidence.

It is urged that the court below erroneously refused three instructions offered on behalf of the defendant on the question of whether there was or was not a better route. We think the court did not err in refusing the instructions.

Error is also urged in that the court refused several instructions requested by the appellant. We have carefully examined the instructions given as well as the instructions refused, and in each case we think that the refused instructions were sufficiently covered by the instructions given by the court.

There is no substantial controversy in the evidence as to the condition of the walk at and prior to the time of the injury, at the place where the plaintiff was injured, or, as to the injury received. The evidence tends to show without substantial dispute that the sidewalk had been defective for a long time, and that the appellant had notice of the defect, and that the appel-

lant was guilty of negligence in maintaining the side-walk in the condition that the proof showed.

We find no substantial or reversible error in the record, and the judgment is affirmed.

*Affirmed.*