MARY A. TRAINOR ET AL., APPELLANTS, V. MAVERICK LOAN & TRUST COMPANY ET AL., APPELLEES.

FILED JANUARY 16, 1913.    No. 16,826.

1. Judgment: RES JUDICATA. "A cause of action, once finally determined between the parties on the merits, cannot afterwards, so long as such judgment remains in force, be litigated by new proceedings, either before the same or any other tribunal." *Yates v. Jones Nat. Bank*, 74 Neb. 734.

2. ———: ———. "The foregoing rule applies, not only to judgments which are the result of a trial of issues of fact, but also to judg- ments on demurrer, where such judgments go to the merits of the case; but a judgment on a demurrer, which is based on a technical defect of pleading, a lack of jurisdiction, or the like, does not in- volve the merits of the controversy, and will not support the plea of *res judicata." Yates v. Jones Nat. Bank*, 74 Neb. 734.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*L. A. Berry* and *Wright & Duffie,* for appellants.

*Albert W. Crites, C. Patterson* and *William Mitchell, contra.*

FAWCETT, J.

In 1906 the plaintiffs in the present suit brought suit in the district court for Box Butte county against the present defendant, the Maverick Loan & Trust Company, to recover the same land in controversy here. They were defeated in the district court, and upon appeal to this court the judgment below was, on February 6, 1908, affirmed. *Trainor v. Maverick Loan & Trust Co.,* 80 Neb. 626. The mandate of this court, dated March 20, 1908, was filed in the district court for Box Butte county March 21, 1908. On November 25, 1908, the Maverick Loan & Trust Company conveyed the land to the defendant Al- fred R. Wilson, who immediately recorded his deed and went into possession of the premises. On June 5, 1909, the plaintiffs commenced the present suit, making the Maverick Loan & Trust Company and Alfred R. Wilson defendants. Defendants each answered separately and, among other things, pleaded the final disposition of the former case as *res judicata.* If this plea is good, then, as stated by counsel for plaintiff in his brief: "There is no occasion for delving deeper into the matter." We think the plea must be sustained.

For a statement of the ground upon which plaintiffs

are seeking to recover the land, we refer to our former opinion. The petition in the former suit alleges the death of William H. Trainor; that plaintiffs are his heirs; that at the time of his death he was the owner of the land in controversy; that plaintiffs had never sold their interest in the land and were at the time of the commencement of the suit owners of the same; the purchase by defendant Maverick Loan & Trust Company of the lands at tax sale; the amount paid for the same; the amount of subsequent taxes paid; the publication in 1905 of the notice to redeem and attached copy of the notice to the petition; the surrender of the county treasurer's certificate of tax sale, which is made a part of the petition, and the demand on the treasurer for a tax deed; that the treasurer executed and delivered to said defendant a tax deed, which is attached to their petition; that defendant claimed to be the owner of the land by reason of such deed; that the sections of the statute under which the sale was made and deed issued were unconstitutional; that an attempt was being made to deprive plaintiffs of their title and vested right in the land without due process of law; that, although the deed issued by the treasurer "was a deed in form, it was in truth and fact a mortgage, if anything, securing the amount of taxes, interest and costs paid by the defendant, Maverick Loan & Trust Co., under and by virtue of said county treasurer's certificate of tax sale;" that the county treasurer did not own the land, had no right, title or interest in the same, and could not by the deed referred to convey or give to the defendant any right or interest in the same; that the attempt of the county treasurer so to do was without authority, unconstitutional and contrary to section 3, art. I of the constitution; that the amount due the Maverick Loan & Trust Company for delinquent and subsequent taxes, interest and costs was the sum of $14.60, "which said sum is probably secured by said deed on said described land which was issued in lieu of said county treasurer's certificate of tax sale;" that they tendered the said sum of $14.60 to the defend-

ant Maverick Loan & Trust Company, and demanded that said defendant reconvey the said premises to plaintiffs or to the county treasurer of Box Butte county, and surrender said deed to the county treasurer for cancelation; that they also tendered the said sum of $14.60 to the county treasurer for the use and benefit of the defendant, and demanded that the treasurer recall said deed and cancel the same and issue to them a redemption certificate; that they were ready to pay defendant whatever might be justly due it for taxes, interest and costs, and brought into court the sum of $14.60 and deposited the same with the clerk. The prayer of the petition was: That an account be taken of the amount due defendant, and that upon payment of the amount defendant be required to reconvey the premises to plaintiff; that possession of the premises be delivered to plaintiff; that if defendant refused to reconvey the court enter a decree to take the place of such deed; that the court find the deed to be only a mortgage, and that defendant has no right, title or interest in the land except as a mortgagee; that the deed be set aside and be declared null and void, and the cloud cast upon plaintiffs' title by said deed be removed, and that the law under which the deed was issued be found to be unconstitutional; "that the title to said premises may be quieted and confirmed in plaintiffs, and that plaintiffs may be allowed to redeem said premises from said alleged deed, and for such other and further relief as may be just and equitable." To that petition the defendant filed a general demurrer which was sustained, and, plaintiffs refusing to plead further, but electing to stand upon their petition, the suit was dismissed at their costs. The judgment was, as before stated, affirmed by this court.

After the mandate went down, nothing further was done by plaintiffs until June 5, 1909, which was more than six months after the Maverick Loan & Trust Company, evidently deeming the litigation at an end, had conveyed the land to the defendant Wilson, when plaintiffs filed the petition in this suit. In the present petition,

after setting out the preliminaries, as in the former suit, it is alleged in paragraph 4 that the treasurer's deed to defendant Maverick Loan & Trust Company is void because: The taxes were not duly and legally assessed; the sale was not duly and legally advertised; that there is no proof of publication on file in the office of the treasurer, nor proof of any delinquent taxes purporting to cover the taxes included in the deed, or that the real estate was subject to sale or would be sold for taxes; that no notice or proof was placed on file in the office of the treasurer showing the amount of taxes against the real estate for the years covered by the deed; that no notice was served upon plaintiffs by publication or otherwise that a tax deed was about to issue; that no notice was served upon the occupant of the land that taxes were delinquent or that the defendant Maverick Loan & Trust Company would apply for a tax deed or that a deed was about to issue; that no proof of service of the application of the Maverick Loan & Trust Company for a tax deed or that a tax deed was about to issue was placed on file in the treasurer's office; that prior to issuance of the deed no proof was on file with the treasurer that any service had been made on the occupant of the land of the application for a deed, or that a deed was about to issue; that the treasurer had no evidence on record in his office upon which to base the issuance of the deed; that the deed was prematurely issued—in less than two years from the date of tax sale certificate and less than two years from date of sale. By paragraph 5 they again allege that they tendered the Maverick Loan & Trust Company $14.60, and on June 5, 1909, tendered to defendant Wilson $22.50, the same being the total amount of all sums expended by Maverick Loan & Trust Company for taxes on the land, together with lawful interest thereon. By paragraph 6 they alleged that prior to March 1, 1906, plaintiffs were in the open and notorious possession of the land; by paragraph 7, that defendants are attempting to permanently exclude plaintiffs from ownership and possession;

that demand has been made on defendant Wilson, now in possession, that he turn the same over to plaintiffs; by paragraph 8, that plaintiffs have no adequate remedy at law. The prayer demands that the deed from the treasurer to defendant Maverick Loan & Trust Company be canceled; that the deed from said defendant to the defendant Wilson be canceled; that the mortgage from defendant Wilson to defendant Maverick Loan & Trust Company for a part of the purchase money be canceled; that plaintiffs be adjudged sole owners; that defendants have no title; that plaintiffs be awarded possession and defendants be enjoined from interfering with plaintiffs' right of possession, and for general relief.

The above statement of the two petitions filed, and of the relief demanded in each, would seem to render discussion unnecessary. It is urged that the decision of the former case in this court decided but two points, viz.: "(1) An act for levying taxes and providing the means of enforcement is within the unquestioned and unquestionable power of the legislature. (2) Due process of law does not necessarily require a judicial hearing in matters of taxation." And hence the plaintiffs are not now precluded thereby from proceeding in another suit to establish their right to the possession of the land upon other and different grounds than those settled by the decision in this court in the former case. In this contention we are unable to concur. The decision of this court was that the judgment of the district court be affirmed; and the mandate commanded the district court without delay to carry into effect its judgment. The judgment in the district court adjudicated adversely to plaintiffs their right to relief upon any grounds demanded in the prayer of their petition as above set out. They were thereby denied relief upon their specific demands; that an account be taken, and upon payment of the amount expended by defendant that it be required to reconvey the land to plaintiffs; that the possession of the premises be delivered to plaintiffs; that if defendants refused to convey the

court enter a decree in lieu thereof; that the court find
the deed to be only a mortgage; that the deed be set aside
and be declared null and void and the cloud cast upon
plaintiffs' title by said deed be removed; that the law
under which the deed was issued be found to be uncon-
stitutional; that the title to the premises be quieted and
confirmed in plaintiffs, and that they be allowed to re-
deem the land from "said alleged deed."

. The petition in the former suit asked that the tax deed
be set aside for several reasons: That the deed was only
a mortgage; that defendant had no right or interest in
the land except as mortgagee; that the deed be set aside
and declared void and the cloud cast upon plaintiffs' title
thereby be removed; that the law under which the deed
was issued be found to be unconstitutional; that the title
be quieted and plaintiffs allowed to redeem. It will be
seen that the cause of action was in equity to redeem on
account of the invalidity of the tax deed, and the allega-
tion that the deed was void is the peg on which the whole
case hung. The court found on the facts stated in the
petition that the deed was valid and rendered judgment
of dismissal. The demurrer was not sustained because
the suit was prematurely brought, or for any defect ap-
parent upon the face of the petition. The demurrer went
to the merits of the facts presented and upon which the
whole cause of action, viz., the right to have the deed set
aside, was based. The judgment upon the demurrer was
a finding and judgment that upon the facts recited the
alleged cause of action was to fail, for the reason that
the tax deed was valid. This being so, the subject matter
of the suit was adjudicated between the parties, and they
have no right to litigate it again. In 2 Van Fleet, Former
Adjudication, sec. 304, it is said: "A judgment rendered
for the plaintiff for want of an answer, upon overruling
a demurrer to his complaint for want of merits, will make
the matter *res judicata;* and the same is true in respect
to a final judgment for the defendant upon overruling a
demurrer to an answer or plea in bar"—citing on the first

NEBRASKA REPORTS. [Vol. 92

Trainor v. Maverick Loan & Trust Co.

point *Johnson v. Pate,* 90 N. Car. 334; and upon the
second point, *Wilson v. Ray,* 24 Ind. 156; *Coffin v. Knott,*
2 G. Greene (Ia.) 582, 52 Am. Dec. 537; *Grand Trunk
R. Co. v. McMillan,* 16 Canada S. C. 543.

In presenting their first petition plaintiffs said, in
effect: "Here is my cause of action, and it is upon these
allegations, and these alone, that I claim the right to re-
cover" By its demurrer to that petition defendant said,
in effect: "Deeming all these allegations to be true, they
do not entitle the plaintiffs to recover." The court, as-
suming, for the purposes of the demurrer, that the al-
legations of the petition were true, held that they did not
entitle plaintiffs to recover, or, in other words, did not
show a cause of action. The truth of the allegations be-
ing thus admitted, the case stood upon its merits, the
same as if, on a trial, each allegation had been proved,
and the ruling on the demurrer was an adjudication on
the merits of the case. Plaintiffs might then have amended
their petition, and presented additional allegations setting
out the facts which they now plead in their second peti-
tion, all of which facts were then in existence and a mat-
ter of public record. This they declined to do, but stood
upon their petition. The judgment entered was, on ap-
peal to this court, duly affirmed. We see no escape from
the conclusion that the judgment entered upon the
former hearing was a final adjudication upon the merits
of plaintiff's claim, to wit, his right to have the deed
canceled and that he be permitted to redeem. To this
effect is *Gregory v. Woodworth,* 107 Ia. 151, from which
opinion much of the language above used is quoted. The
fact that the Iowa code differs slightly from ours is not
material. Under the reasoning of the Iowa court, the
decision would have been the same, regardless of the
wording of the code. See, also, *Yates v. Jones Nat. Bank,*
74 Neb. 734, and cases cited on page 743. We recognize
the exception to the rule that a judgment on a demurrer,
which is based on a technical defect of pleading, a lack of
jurisdiction, or the like, which do not involve the merits

of the controversy, will not support the plea of *res judicata*. But that is not the case here. As stated, the demurrer on the first trial between these parties was not sustained because the suit was prematurely brought, nor for any defect apparent upon the face of the petition. If in that suit they did not see fit to allege specifically the various other grounds, then shown by the official records of the county, upon which they now claim the deed was void and should be canceled, that was clearly their own neglect. They could not split their cause of action and litigate the matter set out in their first petition to final judgment and again vex their former adversary with another suit based on the same wrong, viz., the withholding from plaintiffs of the title and possession of the lands in controversy under a deed which in both suits they alleged was a nullity.

AFFIRMED.