JOSIE CHANEY, APPELLANT, v. VILLAGE OF RIVERTON, APPELLEE.

FILED JANUARY 31, 1920.    No. 20702.

1. Municipal Corporations: CARE OF STREETS. Municipalities are by statute given control over the streets within the municipal boundaries, and become subject to the correlative duty of exercising due care to keep them free from such structural defects or obstructions, or such physical conditions in immediate connection with them, as will impair their use or endanger those traveling upon them.

2. ———: ———: OBSTRUCTIONS: LIABILITY. Where a platform is constructed by citizens upon a principal street of a village, for the purpose of holding thereon a public entertainment, and is so constructed as to be insufficient to sustain the crowd, and by reason thereof falls and injures a pedestrian upon the street, held that, as the platform had been constructed for several days and a sufficient length of time for the village authorities to be aware of its location and condition, it became the duty of the village authorities to abate it as a nuisance, and, having failed to do so, the village could be held liable for damages for the injury.

3. ———: ———: ———: ———: NOTICE. Under a statute, providing that a village shall not be liable for damages arising from "defective" streets, unless, within 30 days after the occurrence of the accident, a notice in writing be filed with the village authorities, held that a platform, constructed in a village street and in such condition as to endanger pedestrians passing on the street, renders the street "defective" within the meaning of that statute, and that plaintiff, injured by reason of the fall of the platform, was required to give the statutory notice as a condition precedent to her right to sue.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Bernard McNeny,* for appellant.

*George J. Marshall* and *George Losey, contra.*

FLANSBURG, C.

Action for damages resulting from personal injuries. Verdict was rendered in favor of the plaintiff, and the court, notwithstanding the verdict, rendered judgment in favor of the defendant. From this judgment the plaintiff appeals.

On or about July 2 or 3, 1913, citizens of Riverton, a village of some eight or nine hundred people, constructed a wooden platform upon one of the main streets of such village for the purpose of giving a Fourth of July entertainment thereon. The celebration was held on July 5, and, when crowds had gathered around and upon this platform, the plaintiff, who was passing by, saw her small boy on the platform and approached to take him away. As she withdrew, the platform, being insufficient to support the crowd, collapsed and struck her, causing the injuries complained of.

Two questions are presented: Whether the facts stated are sufficient to fix a liability upon the village; and, if so, whether plaintiff's right to sue is barred by her failure to give written notice of her accident and claim for damages as required by section 5194, Rev. St. 1913.

Municipalities are by statute given control over the highways within their limits, and, under our decisions, become subject to civil liability for failure to perform the correlative duty of keeping them in repair and free from such obstructions and conditions as impair or make dangerous their use. The liability for failure to perform such duties arises by necessary implication from the privilege of control over the streets granted, and is therefore a liability statutory in its nature. *Tewksbury v. City of Lincoln,* 84 Neb. 571; *Updike v. City of Omaha,* 87 Neb. 228.

By section 5131, Rev. St. 1913, defendant was given control over its streets, and power to prevent and remove all encroachments, and to prevent all games, practices and amusements upon the streets likely to result in damage to any person or property. Under this power of full control conferred for the public good, the village was required to exercise due care in keeping its streets free from such structural defects or obstructions, or such physical conditions in immediate connection therewith, as would impair its use or endanger those traveling upon it. *Bemis v. City of Omaha,* 81 Neb. 352; *City of Richmond v. Smith,* 101 Va. 161; *Parker v. Mayor and Council of Macon,* 39 Ga. 725; *Bliven v. City of Sioux City,* 85 Ia. 346; *McCollum v. City of South Omaha,* 84 Neb. 413.

In the cases just above cited, the condition produced by a brick wall of a building, after a fire, left standing next to the sidewalk and in danger of falling on those using the street; or a billboard in a weakened or decayed condition, standing so that it might be blown into the street; or a platform built in the street, such as the one in the instant case, was, in each case where involved, held to be a nuisance in connection with the street, and which the city was obliged to use due diligence in discovering and removing.

Such a duty it owes in its private or corporate capacity, and not in its governmental capacity. Those cases, therefore, having to do with a nuisance created upon the street by the active use of it, such as by riots, the shooting of fireworks or cannons, or by horse races or coasting on the snow, are to be distinguished, for in such cases the nuisance has no structural connection with the street, nor with the surrounding physical conditions, but is an unlawful proceeding upon the street which the city is called upon, in its governmental capacity, to prevent, and for failure to do so, since it acts in its governmental capacity, it is not held liable.

The platform built upon the street, as is shown in the instant case, was an unlawful obstruction. It was one the village had no power to license, had it tried. It was a nuisance in the street, and, under the circumstances shown, its presence and character must necessarily have been known to the village authorities. Nevertheless it was suffered to remain in violation of the positive duty of these village authorities to remove it.

The damage occurring to the plaintiff, while she was passing by and in the exercise of a proper and lawful use of the street, as a street, was one which might reasonably have been anticipated, and the platform was a cause of danger in the street which the village should have guarded against and prevented.

There being a liability, therefore, was it necessary that plaintiff give written notice under section 5194, Rev. St. 1913? By that section of the statute it is provided that a village shall not be liable "for damages arising from defective streets, alleys, sidewalks, public parks or other public places" unless within thirty days after the occurrence of the accident a notice in writing of the accident and of the time and place it occurred be given to the village authorities.

Was the condition created by the platform, built and used for the purpose shown, a defect within the meaning of this statute just referred to?

In the interpretation of this statute it is necessary to consider the purpose of its enactment. By placing the control of the streets in the municipalities, the legislature created obligations from which a new class of liability for damages would arise which were not recognized at common law. The object of the statute was to enable city officials to properly investigate the nature and validity of such claims at a time when knowledge of the facts relating to the accident could be ascertained, and such information preserved for use by such officials as might be in charge of the cities' affairs when the matter later came up or the case was tried or defended,

and in order that spurious or unmeritorious claims might be avoided.

The reason for such a rule would obviously obtain whether a liability should arise from the failure of the city to repair some defect in the paving or in those things which are a technical part of the street, or whether from a failure or neglect to perform its broad and general duty, to remove or correct all such structures or obstructions which endanger the security and safety of those traveling on the street.

We find that the courts have given a liberal meaning to the word "defect" as used in such statutes, with the evident purpose of carrying out the spirit and intent of the act. The following have been defined to be defects in the street as used in like or somewhat similar statutes: A condition where an awning was constructed over the street, so that, when snow accumulated upon it, it fell into the street; where a sign was constructed in the sidewalk space and by reason of decay fell; where a road scraper was left in the street; where a log or tree tops were left upon the roadway; where a rope used in moving a building was stretched across the street; where a telegraph wire had fallen across the street; where a road was closed by a wire; and where an accumulation of ice and snow was allowed to remain on the street. *Hume v. Mayor*, 74 N. Y. 264; *Bliven v. City of Sioux City*, 85 Ia. 346; *Whitney v. Town of Ticonderoga*, 127 N. Y. 40; *Craig v. Inhabitants of Leominster*, 200 Mass. 101; *Hayes v. Hyde Park*, 153 Mass. 514; *Bills v. Town of Kaukauna*, 94 Wis. 310; *Carpenter v. Town of Rolling*, 107 Wis. 559; *Kelsey v. Town of Glover*, 15 Vt. 708; *McCollum v. City of South Omaha*, 84 Neb. 413.

In the case of *Bemis v. City of Omaha*, 81 Neb. 352, a billboard had been placed on or near the sidewalk space and blew over, injuring a passerby. A statute almost identical with the one involved here required written notice in case of a claim for damages arising from

104 Neb.—13

"defective streets." Though the question of the meaning of the word "defective" was not discussed, the court treated the case as governed by this statute, the notice filed was found sufficient, and a recovery was allowed as for a defective street.

We have carefully examined the cases cited by plaintiff. In *McArthur v. City of Saginaw,* 58 Mich. 357, and in *Keith v. Inhabitants of Easton,* 84 Mass. 552, a vehicle in one case, and a pile of lumber in the other, had been placed so as to stand within the platted limits of the highway, but not within the improved and traveled portion, and were therefore not considered obstructions in the street, and not defects, since it was held the city was given discretion as to how much of the platted highway should be used and improved for a road. In the case of *Hixon v. City of Lowell,* 13 Gray (Mass.) 59, snow and ice hanging from the eaves of a building, abutting on the street, fell and caused injuries. The court said this was not a defect in the street. However, the court in that case approved and distinguished a former Massachusetts case, in which recovery was allowed, where an awning, built out over the street, fell by reason of an accumulation of snow upon it. In the case of *Hughes v. City of Fond du Lac,* 73 Wis. 380, a street roller was left in the street by a city employee, and the court, in large part, reasoned that, though this was not a defect in the street, notice was not necessary in such a case, in any event, because the act of leaving the scraper in the street was an act of direct malfeasance on the part of an agent of the city, of which the city was bound to take notice. And in the case of *Barber v. Roxbury,* 11 Allen (Mass.) 318, a city marshal, searching a cave near a highway for stolen goods, was removing large stones with a derrick, and allowed a rope of the derrick, which moved up and down as the crank of the derrick was turned, to extend across the highway. The court said this was not a defect, but stated, "Anything in the state or condition of the highway, which renders it unsafe or

inconvenient for ordinary travel, is a defect or want of repair," and went on further to say that a defect would include obstructions or obstacles, a stone, or a log on the surface, or a barrier across the way.

It appears to us that the platform in the instant case, by reason of its position, created a danger to travelers on the highway, and was such a condition and so interfered with the proper attributes of the highway as to be within the meaning of a defective street. It therefore follows that plaintiff, having failed to file notice as required under the statute, cannot maintain her action.

For the reasons given, we recommend that the case be affirmed.

DORSEY, C., not participating.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted and made the opinion of the court.

AFFIRMED.