HENRY HARRIS, EXECUTOR, APPELLANT, V. CITY OF GENOA, APPELLEE.

FILED NOVEMBER 16, 1923.   No. 22566.

1. **Municipal Corporations:** NOTICE OF INJURY. Where a person injured in an accident upon a street and seeking to recover damages from the city was mentally and physically able to direct or procure the giving of the notice required by section 4384, Comp. St. 1922, for at least two weeks of the thirty-day period allowed by the statute, the fact that she became incapacitated to do so upon the 27th day after the accident does not excuse her failure to give notice in proper time.

2. ———: ———. The giving of such notice in due time is a condition precedent to the recovery of damages from a city of the second class. *Chaney v. Village of Riverton,* 104 Neb. 189.

APPEAL from the district court for Nance county: A. M. POST, JUDGE. *Affirmed.*

*Vail & Flory* and *George F. Rose,* for appellant.

*John C. Martin, contra.*

Heard before MORRISSEY, C. J., LETTON and DAY, JJ., REDICK, District Judge.

LETTON, J.

This action was originally brought by Ida M. Harris, now deceased, against the city of Genoa, to recover damages for injuries received by her by reason of being thrown against the side and back of an automobile in which she was riding on account of negligence of the city in allowing an open ditch across a street to be unprotected by guard rails or danger signals. While the case was pending Mrs. Harris died, and the action was revived in the name of her

Harris v. City of Genoa.

husband, as executor. The jury found for defendant and the action was dismissed. Plaintiff appeals.

The only error assigned which it is necessary to consider is that the court erred in giving instruction No. 8 which relates to the question of notice. Section 4384, Comp. St. 1922, so far as applicable, is as follows: "No city of the second class or village in the state of Nebraska shall be liable for damages arising from defective streets, alleys, sidewalks, public parks or other public places within such city or village, unless actual notice in writing of the accident or injury complained of with a statement of the nature and extent thereof, so far as the extent of the injury is known at the time, and of the time when and the place where the same occurred, shall be proved to have been given to the mayor or chairman of the city, or board of trustees, or to the city or village clerk within thirty days after the occurrence of such accident or injury: Provided, if the person injured be deprived by reason of the injury of the physical or mental capacity to give the notice required, the time of giving such notice be extended for the period of ten days after the incapacity is removed; and it is hereby made the duty of the clerk to keep a record of such notice showing the time when and by whom such notice was given and describing the defect complained of; to at once file such notice and to report the same to the council or village board at its next meeting."

Instruction No. 8 is as follows: "All persons are charged with a knowledge of the law, and ignorance of the statute above mentioned would not excuse the giving by the deceased, Ida M. Harris, of the required notice; provided she was not incapable of giving the same within said period of thirty days. Nor would the giving of such notice be excused by reason of the incapacity of the deceased to manually prepare and deliver the same to the defendant city. It was permissible for her to give such notice by agent, and if during said period she was mentally sound and able to direct the giving of such notice, her failure to take such action within such period would prevent her recovery in

this case, although you find she was physically unable by her own hand to prepare and serve said notice."

The evidence establishes that Mrs. Harris suffered pain, more or less severe, from the time of the accident on June 30, 1918, until July 27, 1918. She became very much worse on that day and remained incapacitated until after the expiration of the thirty-day period. The statutory notice was served upon the city upon August 2. For at least two weeks in July she was able to sit up in bed. Her deposition was taken. When asked if she was able to attend to business within the first 30 days, she answered: "Well, I generally wrote all checks and kept books." Her husband testifies that she wrote a number of checks, he telling her the amounts. This, with other evidence, establishes that for several weeks in July she was able to have instructed her husband or some other agent to prepare and serve the requisite notice on the city. Her death occurred in November, 1920. It was caused by a tubercular and cancerous condition of the pelvic organs, which plaintiff asserts was aggravated by the injuries suffered at the time of the accident.

The question presented, while novel in this court, has been raised and decided in other states having statutes practically identical with respect to the giving of a notice within a fixed period and the extension of time in case of physical and mental disability. It will be observed that the statute does not require the notice to be either signed or sworn to by the person injured. It may be given by any one having authority from the claimant. *Schweer v. City of Chicago Heights*, 168 Ill. App. 52; *Pipher v. Township of Whitchurch*, 12 Ont. W. N. 87. This differentiates the case from those in which the statute requires the notice to be given by the injured person. There is much more reason to construe statutes strictly where all that the injured person is required to do is to call the facts and circumstances of the injury to the attention of a parent, friend or agent, and authorize the notice to be given by one of them, than there is, where the person injured must furnish the spe-

cific facts required to be inserted in the notice, and must
sign and swear to the notice personally, and yet strict per-
formance has been required under such a statute. *Reid
v. Kansas City*, 195 Mo. App. 457, holds that such a statute
should be strictly construed as to time limit, but liberally
construed as to the contents of the notice. Such provisions
have been construed repeatedly in Massachusetts, where the
statute requiring notice provides: "If, by reason of phys-
ical or mental incapacity, it is impossible for the person
injured to give the notice within the time required, he may
give it within ten days after such incapacity has been re-
moved." R. L. Mass. (1902) ch. 51, sec. 21. This provi-
sion has been construed by that court not to excuse the fail-
ure to give notice if the person injured was clear of mind
for a length of time within the 30 days that she had the
physical or mental capacity to procure the service of the
notice. Under varying circumstances the question has been
presented to that court many times. The purpose of the
statute being to prevent fraudulent claims and to give the
authorities of the municipality an opportunity to investigate
the facts attending the alleged accident while the matter is
fresh in the minds of witnesses and before they might be-
come dispersed, that court has always held that the statute
should be strictly construed as to the necessity of notice
within the required time if the person injured was reason-
ably capable of procuring this to be done.

In *Mitchell v. City of Worcester*, 129 Mass. 525, Chief
Justice Gray said: "The rulings at the trial were correct.
The notice required by the St. of 1877, c. 234, secs. 3, 4, be-
fore bringing an action for an injury occasioned by a defect
in a highway, may be given by the person injured, or by
any other person in his behalf; and, if the person injured
is neither physically nor mentally incapacitated to give such
notice himself or through another person, is a condition pre-
cedent to the right of action. *Kenady v. Lawrence*, 128
Mass. 318; *Gay v. City of Cambridge*, 128 Mass. 387; *Lar-
kin v. City of Boston*, 128 Mass. 521." Later cases are
*Lyon v. City of Cambridge*, 136 Mass. 419; *Lyons v. City*

Harris v. City of Genoa.

*of Cambridge,* 132 Mass. 534; *May v. City of Boston,* 150 Mass. 517; *Saunders v. City of Boston,* 167 Mass. 595; *Goodwin v. City of Fall River,* 228 Mass. 529.

In the state of Washington the earlier decisions are based upon charters which required notice, but did not contain a disability clause extending the time if the person injured suffered from physical or mental incapacity. The court, however, held in *Borne v. City of Spokane,* 27 Wash. 719, that if physical or mental incapacity existed so as to make it impossible for the injured person to procure the notice to be served, this would operate to extend the time. In *Ehrhardt v. City of Seattle,* 40 Wash. 221, the plaintiff suffered from a compound fracture of the left humerus. He suffered great pain a portion of the time during the 30 days immediately succeeding the accident; but he was able to transact business within this time and his mind was not so affected that he could not have employed an attorney to present his claim. The court said: "A person might be incapacitated from being physically present at the presentation of a claim of this kind, but that could not justify him in not presenting the claim seasonably, if he were mentally capable of having the claim presented for him." To the same effect, though under a statute extending the time if disability occurred, are *Hall v. City of Spokane,* 79 Wash. 303; *Dickie v. City of Centralia,* 91 Wash. 467.

In *Hartsell v. City of Asheville,* 166 N. Car. 633, the court said: "It is not necessary that the injured party should be in physical and mental condition to make such claim and give due notice for the whole period of 90 days. The 90 days is prescribed with the view that at some time within that period the injured party will be in condition to give the notice, and it should be given to permit the city to make prompt investigation and to avoid imposition. All that is necessary is that there should be reasonable opportunity within that time in which the plaintiff will be able to give the required notice."

In *City of Hastings v. Foxworthy,* 45 Neb. 676, and in *Chaney v. Village of Riverton,* 104 Neb. 189, the necessity

and purpose of such a notice is considered and the views expressed in these decisions are in harmony with those of the courts above mentioned.

We are convinced that the instruction complained of is a correct statement of the law. This disposing of the case, it is unnecessary to consider the other errors assigned.

AFFIRMED.