GRACE E. KNAPP, APPELLANT, V. CITY OF OMAHA, A CITY OF THE METROPOLITAN CLASS, ET AL., APPELLEES.

108 N. W. 2d 419

Filed April 7, 1961. No. 34943.

*O'Sullivan & O'Sullivan* and *Donald S. Bergquist, Jr.,* for appellant.

*Herbert M. Fitle, Bernard E. Vinardi, Irving B. Epstein, Frederick A. Brown, Benjamin M. Wall, Edward M. Stein,* and *Steven J. Lustgarten,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for damages brought by the appellant against the City of Omaha, Nebraska, its mayor, and councilmen. The appellant will be referred to as the plaintiff and the appellees as the defendants.

The petition alleged that the defendant city was a municipal corporation of the metropolitan class; that on July 15, 1957, the plaintiff slipped, fell, and was in-

jured after stepping upon a curb at the northwest corner of the intersection of Sixteenth and Dodge Streets in Omaha; that "the plaintiff was injured without any carelessness or negligence whatsoever on her part, and wholly by reason of the carelessness and negligence of the defendants"; that the top of the curb "was on a slope or angle of about 30°" slanting toward the street; that the curb was about 8 inches wide; that the north edge of the curb was even with the sidewalk; that the south portion of the curb was at the street level; that the north edge of the curb was "approximately eight inches higher" than the south edge; that the curb "was improperly and negligently constructed" of very smooth, blackish, marble-like material "which was as smooth as glass"; that "a pedestrian could not secure a safe footing" on the curb; that the curb was "dangerously and defectively constructed"; that the plaintiff was injured and suffered damages as a result of the fall; that "after said accident and on the —— day of July, 1957," the plaintiff filed a proper statutory notification which was denied by the defendant city; and that the defendants "had actual knowledge of the said defective and faulty conditions of said curb and the material used in same" prior to the injury to the plaintiff.

The defendants filed a general demurrer to the petition which was sustained. The plaintiff elected to stand on her petition and the action was dismissed. A motion for new trial was filed and overruled. The plaintiff then perfected this appeal.

The defendants suggest nine reasons why the demurrer was properly sustained. It will be necessary to consider only one of them.

Section 14-801, R. R. S. 1943, provides in part as follows: "No metropolitan city shall be liable for damages arising from defective streets, alleys, sidewalks, public parks or other public places, within such city unless actual notice in writing, describing fully the accident and the nature and extent of the injury complained of

and describing the defects causing the injury and stating the time when and with particularity the place where the accident occurred, shall be proved to have been filed with the city clerk within ten days after the occurrence of such accident or injury."

When the plaintiff is given the benefit of all of the facts pleaded in the petition, together with the proper and reasonable inferences that may be drawn therefrom, the most that can be said is that the plaintiff has alleged that after the accident and sometime in July of 1957 she filed the notice required by section 14-801, R. R. S. 1943. The plaintiff alleged she was injured on July 15, 1957. The plaintiff has failed to allege that a notice was filed "within ten days after the occurrence of such accident or injury."

In McCollum v. City of South Omaha, 84 Neb. 413, 121 N. W. 438, the court held that a demurrer was properly sustained where the petition failed to allege the filing of the notice required by a similar statute. See, also, Harms v. City of Beatrice, 142 Neb. 219, 5 N. W. 2d 287, 142 A. L. R. 239; Chaney v. Village of Riverton, 104 Neb. 189, 177 N. W. 845, 10 A. L. R. 244; Harris v. City of Genoa, 111 Neb. 91, 195 N. W. 953; Schmidt v. City of Fremont, 70 Neb. 577, 97 N. W. 830; City of Hastings v. Foxworthy, 45 Neb. 676, 63 N. W. 955, 34 L. R. A. 321.

In Bethscheider v. City of Hebron, 137 Neb. 909, 291 N. W. 684, the court held that a general demurrer was properly sustained where the petition failed to allege that the notice required by a similar statute had been given. In that case the court pointed out that the purpose of the notice was to permit the municipal authorities to make an investigation while the occurrence was still fresh, to allow the claim if it was deemed just, or protect and defend the public interest if it was deemed otherwise. The court then said: "Having come to this conclusion, the argument that the city having by its own act created the defect should be held to have

knowledge of its existence and the requirement of notice avoided is not persuasive. To extend the rule of the Updike and similar cases to include the notice statute here involved would be to extend the rule beyond the reason therefor so clearly pointed out in those cases. The plaintiff's cause of action falls within the scope of cases to which the statute is applicable, and since we hold that the purpose of the statute is to give notice of the accident and injury, as distinguished from mere notice of the defect, it follows that the notice must be given in accordance with the requirements of the statute as a condition precedent to an action on such a claim and that this must be done regardless of whose negligent act created the defective condition."

The allegations that the curb was improperly and negligently constructed and that the defendants had actual knowledge of the defective and faulty condition of the curb did not excuse the failure to allege that a notice had been filed within the time required by the statute.

The judgment of the trial court is correct and is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.