GRACE E. KNAPP, APPELLANT, v. CITY OF OMAHA ET AL., APPELLEES.

122 N. W. 2d 513

Filed July 12, 1963.   No. 35417.

O'Sullivan & O'Sullivan and Donald S. Bergquist, Jr., for appellant.

Herbert M. Fitle, Bernard E. Vinardi, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, and Frederick S. Geihs, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is an action brought in the district court for Douglas County for personal injuries alleged to have been sustained by the appellant when, on July 15, 1957, she fell, injuring her back. The injury occurred at the intersection of Sixteenth and Dodge Streets in Omaha, Nebraska, and the action is predicated upon an alleged negligent construction of a curb at that intersection.

The defendants were the city of Omaha and its mayor and council members.

The defendants interposed what is denominated a special appearance "for the reason that the court is without jurisdiction of the subject matter."

On January 29, 1962, the trial court entered an order sustaining the special appearance and dismissing the action. This order recites that the district court for Douglas County had jurisdiction of the parties and the

subject matter in a prior action. Continuing, the recitation states that the previous case had been dismissed upon the plaintiff declining to plead further; that after the dismissal the plaintiff appealed to the Supreme Court from the ruling on the demurrer and order of dismissal where the decisions of the trial court were sustained; and that the cause of action had therefore been fully adjudicated.

The plaintiff filed a motion for rehearing on the order sustaining the special appearance. The motion being overruled on September 13, 1962, the plaintiff has brought the matter to this court on appeal.

The defendants filed a motion herein to dismiss the appeal because it was not taken in time, contending that where no trial of matters of fact had occurred the time for appeal should run from the order of dismissal and not from the time of overruling the motion for rehearing. This court previously overruled this motion because of its rulings in McGerr v. Marsh, 148 Neb. 50, 26 N. W. 2d 374, and Brasier v. Cribbett, 166 Neb. 145, 88 N. W. 2d 235.

Plaintiff contends the trial court erred in sustaining the special appearance and dismissing the action.

The cause before us quite patently turns on the effect of the prior action and its disposition by the trial court and this court.

It also involves questions concerning the propriety of the trial court in taking judicial notice of the previous cause and in considering the same on its ruling sustaining the special appearance and dismissing the action.

The opinion of this court in the first case is found in Knapp v. City of Omaha, 172 Neb. 78, 108 N. W. 2d 419. The substance of the allegations of the plaintiff's petition is there outlined in greater detail than herein. A comparison of the petitions shows they are the same except in two respects. In the former case the date of the filing of the statutory notice, required by section 14-801, R. R. S. 1943, was left blank, viz: "—— day of July,

1957." In the present case the notice is alleged to have been filed on the "23rd day of July, 1957" and a copy of the notice is attached. Also in the present petition the mayor and councilmen who are joined with the city as defendants are different than in the former case, apparently because of a change in the officers.

"It is a fundamental principle of jurisprudence that material facts or questions which were an issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action." Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551. See, also, Glissmann v. Orchard, 152 Neb. 500, 41 N. W. 2d 756.

" 'A cause of action, once finally determined between the parties on the merits, cannot afterwards, so long as such judgment remains in force, be litigated by new proceedings, either before the same or any other tribunal. * * * The foregoing rule applies, not only to judgments which are the result of a trial of issues of fact, but also to judgments on demurrer, where such judgments go to the merits of the case; but a judgment on a demurrer, which is based on a technical defect of pleading, a lack of jurisdiction, or the like, does not involve the merits of the controversy, and will not support the plea of res judicata.' " Trainor v. Maverick Loan & Trust Co., 92 Neb. 821, 139 N. W. 666, citing Yates v. Jones Nat. Bank, 74 Neb. 734, 105 N. W. 287.

In Fuchs v. Parsons Constr. Co., 172 Neb. 719, 111 N. W. 2d 727, it is stated: " 'When a plea of res judicata is interposed, the controlling question is whether the judgment offered to support it is based on the merits of the controversy.' "

In the case presented in our prior decision, Knapp v. City of Omaha, *supra*, the trial court had sustained a general demurrer on the plaintiff's original petition on the ground it did not state a cause of action. Under

our statute, section 25-854, R. R. S. 1943, the plaintiff would doubtless have been given the right to amend her petition in the trial court. This the plaintiff failed to do but elected to stand on her petition and the action was dismissed. She appealed from this dismissal and this court sustained the trial court in its order of dismissal. In the cited case this court stated the defendants suggested nine reasons why the demurrer should have been sustained, but it was only necessary to consider one of them. The defect in plaintiff's petition which was decisive in the prior determination was that the necessary notice of the injury had not been filed within the time prescribed by section 14-801, R. R. S. 1943. The plaintiff contends that her failure to insert the date when the notice was filed was but a technical defect under the rule cited from Trainor v. Maverick Loan & Trust Co., *supra,* and that a dismissal of the cause for that reason would not bar a subsequent action. Yet it is obvious that unless that date were supplied no cause of action whatever was stated. The want of an allegation as to the timely filing of the notice was fatal. That a petition could be amended without great difficulty or even with slight effort to state a cause of action does not make its failure to do so in the first instance a "technical defect." The defect is so substantial that it defeats the action entirely. If this court should hold a cause of action stated in a petition as to which a general demurrer was interposed and sustained and the cause dismissed could be reasserted in a subsequent action by adding one or more essential averments not previously pleaded, litigation would have no finality. Finality would then turn not on what cause had been attempted to be stated but what by amendment might have been stated. In such cases the conclusiveness of decisions would be seriously impaired. A party should not be vexed with successive actions on the same cause of action. A judgment of dismissal after sustaining a demurrer based on the failure to state a cause of action is

a judgment on the merits even though by amendments a good cause of action might be stated.

There are of course other defects in pleadings which are subject to demurrer such as misjoinder of causes, defect of parties, or lack of jurisdiction, and judgments of dismissal may follow because thereof. Where such a dismissal is not on the merits the rule of res judicata does not apply.

The plaintiff cites the case of Fuchs v. Parsons Constr. Co., *supra*, and contends that because the dismissal after the sustaining of the demurrer in the first decision did not there bar the subsequent action, another suit is not precluded here. The cited case has no application. The demurrer was sustained on the grounds of misjoinder. The court in that case clearly distinguishes between the two situations.

The case of Yates v. Jones National Bank, 74 Neb. 734, 105 N. W. 287, is also cited by the plaintiff as authority for her position that the second action now before us could be maintained under the present circumstances and that the previous dismissal was no adjudication. The cited case is quite involved and the opinion decides several consolidated cases. In some of them the causes had been removed to the federal circuit court and there dismissed on demurrers or otherwise. On appeal to the Circuit Court of Appeals, the circuit court was reversed and the causes remanded to the state courts for want of federal jurisdiction. Jones v. Mosher, 107 Fed. 561. In most of them the plaintiffs themselves in the end entered voluntary dismissals and no adjudication was involved. In one however in which Bailey was plaintiff the Circuit Court of Appeals had sustained a general demurrer and dismissed the case. Bailey v. Mosher, 63 Fed. 488. In the cited case, Yates v. Jones National Bank, *supra*, the state court held that Bailey's petition stated a new, separate, and independent cause of action. On appeal to the Supreme Court of the United States, that court held likewise though it reversed the judg-

ment and remanded the cause for further proceedings on other grounds. Yates v. Utica Bank, 206 U. S. 181, 27 S. Ct. 647, 51 L. Ed. 1015. Both this court and the Supreme Court of the United States made it clear in their opinions, however, that the dismissal after sustaining the general demurrer would have been a complete adjudication if the same cause of action had been stated.

We will now turn to the question involving the trial court's taking judicial notice of its own records with respect to the prior adjudication.

The rules concerning courts taking judicial notice of their own records have been repeatedly stated by this court. In Witzenburg v. State, 140 Neb. 171, 299 N. W. 533, it is held: "The general rule is that, while a court will take judicial notice of its own records, it will not in one case take judicial notice of the record in another case.

"However, where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action.

"Matters so judicially noticed are properly considered when determining the questions presented by a demurrer." See, also, Marsh-Burke Co. v. Yost, 102 Neb. 814, 170 N. W. 172; Loup County v. Rumbaugh, 151 Neb. 563, 38 N. W. 2d 745.

The cause before us was the same as that previously before the trial court and before this court. They are interrelated and the causes of action in fact appear identical. Knapp v. City of Omaha, *supra*.

It follows that the trial court properly took judicial notice of its prior adjudication.

The pleading of the defendants in the case now under consideration as hitherto alluded to was termed a special

appearance. However, its substance was "that the court is without jurisdiction of the subject matter." Objection to the jurisdiction of the court over the subject matter is not a special appearance. By section 25-806, R. R. S. 1943, however, it is one of the grounds for demurring specially. As a general rule no fixed and inflexible form is necessary for a demurrer, and a motion which in substance and effect challenges the sufficiency of a pleading on demurrable grounds will be treated as a demurrer. 71 C. J. S., Pleading, § 248, p. 479.

We conclude the cause of action in the plaintiff's petition had been previously adjudicated and that the court properly took judicial notice of its prior decision on the consideration of the defendants' motion.

It follows that the judgment of the trial court should be and is affirmed.

AFFIRMED.